## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BRYAN G. HAWKINS**<br>**12002 Othman Court**<br>**Fort Washington, MD 20744**<br><br>    **Plaintiff,**<br><br>    **v.**<br><br>**CATHY LANIER**<br>**Chief of Metropolitan Police Department**<br>**300 Indiana Avenue, NW**<br>**Washington, DC 20001**<br><br>**DISTRICT OF COLUMBIA**<br>**c/o Mayor Adrian Fenty**<br>**John A. Wilson Building**<br>**1350 Pennsylvania Avenue, NW**<br>**Washington, DC 20001**<br><br>**OFFICER FRANKLIN BAUSERMAN**<br>**Badge No. 135, First District MPD**<br>**415 4th Street, SW**<br>**Washington, DC 20024**<br><br>**OFFICER J. CHAPLIN, Badge # 3814**<br>**First District MPD**<br>**415 4th Street, SW**<br>**Washington, DC 20024**<br><br>**OFFICER K. SUTER, Badge # 1071**<br>**First District MPD**<br>**415 4th Street, SW**<br>**Washington, DC 20024**<br><br>**OFFICER K. CAPPELLO, Badge # 4274**<br>**First District MPD**<br>**415 4th Street, SW**<br>**Washington, DC 20024**<br><br>    **Defendants.** | **Superior Court Case No.:**<br>**C.A. No. 07-7907**<br>**Cal. 7; J. Hedge** |

## NOTICE OF REMOVAL

Defendants District of Columbia, Metropolitan Police Department Chief Cathy Lanier, and MPD Officer Franklin Bauserman,[1] by and through undersigned counsel, respectfully presents this Notice of Removal from the Superior Court of the District of Columbia, Civil Division, pursuant to 28 U.S.C. § 1441, *et seq.*, and state as grounds for removal:

1.     Plaintiff Bryan Hawkins has filed an action against the defendants in the Superior Court of the District of Columbia, Civil Division, Case No. 07 CA 007907 B, alleging that the defendants violated his Fourth Amendment rights.

2.     This action is removable to this Court because of the existence of federal questions raised by Plaintiff's Complaint. Causes of action "founded on a claim or right arising under the Constitution, treaties or laws of the United States" are removable without regard to the citizenship or residence of the parties. *See* 28 U.S.C. § 1441(b). In paragraphs 4 through 7 and 29 through 30, the plaintiff raises a federal question by asserting "violation of constitutional and civil rights," "violations of the protections guaranteed under the Forth [sic] Amendment of the United States Constitution," and "the deprivation of Mr. Hawkins [sic] liberty and false imprisonment in violation of the Fifth Amendment. Plaintiff also seeks attorney's fees pursuant to 42 U.S.C. § 1988.

Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders received or sent by undersigned counsel in this matter are attached hereto as Exhibit 1 and incorporated by reference herein.

---

[1] At the time this Notice of Removal is being filed, Officers Chaplin, Suter and Cappello had not been served.

WHEREFORE, the District of Columbia, Chief Lanier and Officer Bauserman

pray the action now pending against them in the Superior Court of the District of

Columbia, Civil Division, be removed to this Court.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

NICOLE L. LYNCH (471953)
Chief, Section II

SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax: (202) 727-3625
shana.frost@dc.gov

DATE: 2/22/2008

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22 day of February, 2008, I caused the foregoing Notice of Removal to be filed with the Clerk of the D.C. Superior Court using the CaseFileXpress system, which will send notification of such filing to:

Gilda Sherrod-Ali
216 G Street, NE, First Floor
Washington, DC 20002

Shana L. Frost
Assistant Attorney General

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

Bryan G. Hawkins
*Plaintiff*

VS.

District of Columbia
*Defendant*
C/o Mayor Adrian Fenty
1350 Pennsylvania Ave., N.W.
Wash., DC  20001

Civil Action No.  0007907-07

2008 JAN 28 A

**SUMMONS**

To the above named Defendant:

   You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government  you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed  to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.**   If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

   You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays.  You may file the original Answer  with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment  by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Gilda Sherrod-Ali
Name of Plaintiff's Attorney

216 G Street, NE
Address

Wash., DC  20002
(202) 544-2299
Telephone

By _____
Deputy Clerk

Date _____ 2007

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS  FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 98

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

**BRYAN G. HAWKINS**      :
**12002 OTHMAN COURT**    :                    0007907-07
**FORT WASHINGTON, MD  20744**   :
                          : **Case No. _____**
     **Plaintiff,**      :
                          :
     **vs.**             :
                          :
**CATHY LANIER**          :
**Chief of Metropolitan Police Department** :
**300 Indiana Avenue, N.W.**   :
**Washington, D.C.   20001 and**  :
                          :
**DISTRICT OF COLUMBIA**  :
**C/O  MAYOR ADRIAN FENTY** *and* : *serve:*
**JOHN A. WILSON BUILDING**   :  *Ms. Linda Singer*
**1350 Pennsylvania Avenue, N.W.**  :  *Office of Attorney General*
**Washington, D.C.   20001  and**   :  *441 4th St., NW, 1060 N.*
                          :  *Wash., DC 20001*
**OFFICER FRANKLIN BAUSERMAN**  :
**Badge No. 135**         :
**First District  MPD**   :
**415 45th Street, S.W.**   :
**Washington, D.C.  20024   and**   :
                          :
**OFFICER J. CHAPLIN**    :
**Badge No. 3814**        :
**First District MPD**    :
**415 45th Street, S.W.**   :
**Washington, D.C.  20024   and**   :
                          :
**OFFICER K. SUTER**      :
**Badge No.  1071**       :
**First District MPD**    :
**415 45th Street, S.W.**   :
**Washington, D.C.  20024  and**  :
                          :
**OFFICER K. CAPPELLO**   :
**Badge No. 4274**        :
**First District MPD**    :
**415 45th Street, S.W.**   :
**Washington, DC  20024**   :
                          :

**Defendants.**                    :
_____:

## COMPLAINT

COMES NOW the Plaintiff, Bryan G. Hawkins, by and through undersigned

counsel, and files this complaint to respectfully petition this Honorable Court for

compensatory, special and punitive damages and for other relief.

## PARTIES

1.  Plaintiff, Bryan G. Hawkins (hereinafter Mr. Hawkins), was, at all times

relevant to the claims brought herein, a resident of Fort Washington, Prince Georges

County, Maryland and a citizen of the United States of America.

2.  Defendant, Cathy Lanier, (hereinafter Police Chief Lanier), at all times

relevant to the claims brought herein, was the police chief for the District of Columbia,

and in that capacity, she was responsible for the supervision and training of the defendant

police officers named herein.  She is sued in her official capacity only, both jointly and

severally.  She is responsible for the improper and negligent supervision, training and

retention of the police officers named herein.

3.  Defendant District of Columbia (hereinafter the City), is a municipal

corporation, and at all times relevant to the claims brought herein, was the employer

of and responsible for the hiring, training, supervision and retention of its employees,

the members and/or police officers of the Metropolitan Police Department (hereinafter

MPD), including the police officers named herein.  It is sued in its official capacity

as said employer, respondent superior, both jointly and severally.  It is responsible for

the negligent, training, supervision and retention of the police officers named herein.

4.  Defendant police officer Franklin Bauserman (hereinafter officer Bauserman),

was, at all times relevant hereto, a member of the MPD of Washington DC, First District, operating in his official capacity as a police officer for the MPD, and was one of the police officers responsible for the assault and battery on the person of Mr. Hawkins on December 1, 2006, the wrongful arrest and detention of Mr. Hawkins that began on December 1, 2006, and the violation of the constitutional and civil rights of Mr. Hawkins arising out of the incident on December 1, 2006. He is sued in both his official capacity and his individual capacity, jointly and severally.

5.    Defendant police officer J. Chaplin (hereinafter officer Chaplin), was at all times relevant hereto, a member of the MPD of Washington DC, First District, operating in his official capacity as a police officer of MPD, and was one of the police officers responsible for the assault and battery on the person of Mr. Hawkins on December 1, 2006, the wrongful arrest and detention of Mr. Hawkins that began on December 1, 2006, and the violation of the constitutional and civil rights of Mr. Hawkins arising out of the incident on December 1, 2006. He is sued in both his official capacity and his individual capacity, jointly and severally.

6.    Defendant police officer K. Suter (hereinafter officer Suter), was at all times relevant hereto, a member of the MPD of Washington DC, First District, operating in his official capacity as a police officer of MPD, and was one of the police officers responsible for the assault and battery on the person of Mr. Hawkins on December 1, 2006, the wrongful arrest and detention of Mr. Hawkins that began on December 1, 2006, and the violation of the constitutional and civil rights of Mr. Hawkins arising out of the incident on December 1, 2006. He is sued in both his official capacity and his individual capacity, jointly and severally.

7.  Defendant police officer K. Cappello (hereinafter officer Cappello), was at all times relevant hereto, a member of the MPD of Washington DC, First District, operating in his official capacity as a police officer of MPD, and was one of the police officers responsible for the assault and battery on the person of Mr. Hawkins on December 1, 2006, the wrongful arrest and detention of Mr. Hawkins that began on December 1, 2006, and the violation of the constitutional and civil rights of Mr. Hawkins arising out of the incident on December 1, 2006.  He is sued in both his official capacity and his individual capacity, jointly and severally.

JURISDICTION

8.  This Court has original subject matter jurisdiction over this case by virtue of Sections 11-921, 13-422 and 13-423 of the District of Columbia Code (2001 Edition as amended), and personal jurisdictions over all defendants as they are employees of the District of Columbia.

FACTS COMMON TO ALL COUNTS

9.  All acts and omissions, herein alleged, occurred in the District of Columbia, and were committed by those members of the Metropolitan Police Department named herein.

10. The MPD police officers named herein were part of a MPD "buy-bust" drug undercover operation in the District of Columbia on or about December 1, 2006, and were working as part of that operation in and around the 2000 block of Rosedale Street, NE, Washington, DC when an observation post officer (Banks) observed an alleged drug transaction between two individuals both of whom were seen on foot in that immediate area.

4

11. The observation post officer gave a "lookout" description for two male subjects.  Shortly thereafter, at 21st Street, and Benning Road, NE, Washington, DC, Mr. Hawkins was stopped in his vehicle by the MPD officers named herein and forcibly held against his will as one of the two subjects involved in the alleged drug transaction on Rosedale Street, NE.

12. A thorough search was made of Mr. Hawkins' vehicle by the named MPD officers, but no drugs nor contraband of any kind was found.

13. Mr. Hawkins was violently removed out of his vehicle without a chance to voluntarily cooperate with the officers and thrown against his vehicle. His person was searched by the officers who conducted a complete pat down of his person and searched all of his pockets and effects.  No drugs or contraband of any kind was found.

14. The named MPD officers continued to hold Mr. Hawkins even though they had not found any drugs on his person or in his vehicle.  One officer then yelled, "It's in his ass."  This, even though the officers had not seen Mr. Hawkins secret anything, nor did they have any information from any source that he had secreted anything in any body cavity.

15. The named police officers then forcibly held Mr. Hawkins against his will in the rear of his vehicle, forced him over onto the trunk of the vehicle, pulled down his trousers and his undergarments, and continued to hold him as one officer put on a rubber glove and inserted his fingers, first one then another, into Mr. Hawkins' anus.  This occurred at a busy public intersection while several dozen people, including men, women and children looked on.

16. When the named MPD police officers pulled down Mr. Hawkins' clothing,

5

they fully and completely exposed his genital to the entire public that was witnessing

the event.

17. The named police officers did not find any drugs, contraband or any other

thing as a result of the full, public body cavity search done on Mr. Hawkins' person.

18. All of the MPD police officers present either participated in the event or

witnessed it and did nothing to stop it.  Nor did any of the named police officers report

the incident.

19. Mr. Hawkins was arrested on the scene and taken into custody, and, based

on the testimony of the named officers herein, he was subsequently charged with

distribution of a controlled substance, cocaine and held without bond until trial in

March, 2007.

20. Following a jury trial in DC Superior Court, Mr. Hawkins was found

not guilty of all charges and finally released from custody on March 5, 2007.  Mr.

Hawkins spent ninety-four days wrongfully incarcerated.

21. While incarcerated at DC Jail, Mr. Hawkins had to undergo mental health

assessment and treatment due to the trauma he endured on December 1, 2006.  He wrote

a letter to both the Chief Judge of the D C Superior Court and the City's legal

Department.

22. As a direct and proximate result of the actions of the MPD police officers

and the other named defendants as aforesaid, Mr. Hawkins suffered physical

and mental injuries, wrongful detention of his person, loss of employment, loss

of his liberty, emotional distress, pain, suffering and severe humiliation.

23. As a direct and proximate result of the actions by the Defendants District

of Columbia, its agents and employees, Chief Lanier and the above-named MPD police
officers, Mr. Hawkins was deprived of his constitutional and civil rights.

CAUSES OF ACTION

COUNT I—ASSAULT AND BATTERY

24. Paragraphs 1-23 are incorporated herein by reference and made a part
hereof as though fully set forth.

25. While acting within the scope of their employment, the above-named
Metropolitan police officers acted wantonly and maliciously toward Mr. Hawkins with
deliberate violence and use of force beyond that necessary for an arrest, even if the arrest
was based on probable cause.

26. As a direct and proximate result of the conduct of the above-named MPD
police officers, who were acting within the scope of their employment, Mr. Hawkins was
injured physically, emotionally and psychologically and is entitled to recover money
damages to compensate him for the forcible rape, assault and battery on his person, and
for his pain, suffering and emotional distress caused by said assault and battery on his
person.

27. Mr. Hawkins is further entitled to an award of exemplary (punitive) damages
to punish the District of Columbia and the above named MPD police officers for their
willful and malicious and/or grossly negligent and reckless misconduct toward him.

COUNT II—VIOLATION OF DISTRICT OF COLUMBIA HUMAN RIGHTS ACT
(CIVIL RIGHTS)

28. Paragraphs 1-23 are incorporated herein by reference as though fully set forth
herein.

7

29. At no time during the relevant events on December 1, 2006 did any MPD officer present have any information or reason to believe that Mr. Hawkins had secreted any illegal drugs or contraband in any body cavity, but even if they did have reason to think he had, such body cavity searches, conducted in public places without benefit of a search warrant are per se violations of the protections guaranteed under the Forth Amendment of the United States Constitution.

30. The conduct of the above-named MPD officers, as fully set forth above, directly and proximately subjected Mr. Hawkins to the deprivation of rights guaranteed by the United States Constitution and the District of Columbia Human Rights Act in the following ways:

a.) The use of excessive force as demonstrated by the police officers clearly deprived Mr. Hawkins of his right to due process of law, in violation of the Fifth Amendment;

b.) The actions of the police officers full body cavity search of his person in a public place without probable cause or a valid warrant, deprived Mr. Hawkins of his right to be secure in his person as against unreasonable searches and seizures, in violation of the Fourth Amendment;

c.) The actions of the police officers led to the deprivation of Mr. Hawkins liberty and false imprisonment in violation of the Fifth Amendment.

<u>COUNT III—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

31. Paragraphs 1-23 are incorporated herein by reference into this count as if fully set forth herein.

32. The above-named MPD police officers, due to their lack of sufficient training and supervision, treated Mr. Hawkins in an extreme and outrageous manner, exceeding the bounds of human decency.

33. By their behavior and conduct, as more fully described in the paragraphs

above, the named MPD police officers intended to cause, or knew or had reason to know that their actions would cause Mr. Hawkins extreme emotional distress.

34. As a direct and proximate result of the actions of the named MPD officers, Mr. Hawkins suffered and still suffers from extreme emotional distress.

35. As a direct and proximate result of the actions of the named MPD police officers, Mr. Hawkins is entitled to recover money damages to compensate him for the emotional pain and trauma that he has suffered.

36. As a direct and proximate result of the actions of the named MPD police officers, Mr. Hawkins is entitled to an award for exemplary damages to punish the defendants for their malicious conduct.

<u>COUNT IV—NEGLIGENT TRAINING, SUPERVISION AND RETENTION</u>

37. Paragraphs 1-23 are incorporated herein by reference into this count as if fully set forth herein.

38. The conduct engaged in by the named MPD police officers against Mr. Hawkins on December 1, 2006 wherein he was forcibly held, and sodomized during a public body search by several MPD police officers, none of whom tried to stop the activity from taking place, nor report it, is per se evidence of the lack of adequate training and supervision of police officers by their superiors, including, but not limited to the Chief of Police, Cathy Lanier.

39. Police regulations prohibit, full body searches in public places, without a warrant, and absent medical supervision.  Yet they continue to occur; particularly as against young black males stopped and searched for suspicious drug activity in the District of Columbia.

40. That any MPD police officers would conduct full body searches, in public places, without benefit of a warrant nor medical supervision, and not be penalized nor punished when the event came to knowledge of supervisors and superiors, including but not limited to Chief Cathy Lanier, indicates a lack of supervision and a willingness to retain said police officers despite a clear violation of law and policy.

41. As a direct and proximate result of the foregoing lack of training and supervision of said named MPD police officers, Mr. Hawkins was injured and is entitled to an award of compensatory and exemplary money damages.

RELIEF REQUESTED

As a direct and proximate result of the actions of the Defendants as fully stated above, individually and jointly, plaintiff, Bryan G. Hawkins, respectfully requests that this Honorable Court enter a judgment for him and against all defendants, and grant the following relief:

a.   Money damages to fully compensate plaintiff for out of pocket losses, assault, battery and medical treatment in an amount in excess of $250,000.00;

b.   Money damages to fully compensate plaintiff for the extreme pain and suffering he endured as a result of the defendants' conduct in an amount in excess of $250,000.00;

c.   Money damages to fully compensate plaintiff for the extreme emotional and mental distress he suffered as a result of the defendants' conduct in the amount of $250,000.00;

d.   Money damages to fully compensate plaintiff for violations of his civil and Constitutional rights in an amount in excess of $500,000.00;

10

e.    Money damages to punish defendants for their extreme and outrageous conduct in assaulting plaintiff, violating his civil and constitutional rights, and for the negligent, training, supervision and retention of the named MPD officers, in an amount three (3) times the recovery of all other damages combined;

f.    Reasonable attorney fees to compensate plaintiff for the cost of prosecuting this action as provided by 42 U.S.C. Section 1988; and

g.    Any other and further relief which this Court deems is just and appropriate in the interest of justice.

## JURY DEMAND

Plaintiff, Bryan G. Hawkins, demands trial by Jury on all issues triable by a jury.

## RESERVATION OF RIGHT TO AMEND COMPLAINT

Plaintiff reserves the right to amend this complaint.

Respectfully submitted on behalf of Plaintiff,

[By]

Gilda Sherrod-Ali, Esquire, #415526
216 G Street, NE, First Floor
Washington, DC  20002
(202) 544-2299  Phone
(202) 544-2298  Fax

11

## AFFIRMATION

I, Bryan G. Hawkins, do hereby declare and affirm, under penalty of perjury that the foregoing contents of the complaint are true to the best of knowledge, information and belief.

Bryan G. Hawkins, Plaintiff



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

BRYAN G HAWKINS
    Vs.                             C.A. No.      2007 CA 007907 B
CATHY LANIER

### INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge JUDITH BARTNOFF
Date:   December 3, 2007
Initial Conference: 9:30 am, Friday, March 07, 2008
Location:   Courtroom 415
              500 Indiana Avenue N.W.
              WASHINGTON, DC 20001

Caio.doc

FILED
CIVIL ACTIONS BRANCH
JAN 3 0 2008
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | | |
|---|---|---|
| BRYAN HAWKINS | ) | Civil Actin No. 2007 CA 007907B |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Brook Hedge |
| vs. | ) | |
| | ) | |
| CATHY LANIER, et. al. | ) | Initial Conference: March 7, 2008 |
| | ) | |
| Defendants. | ) | |

### AFFIDAVIT OF SERVICE BY PROCESS SERVER

I, _Cynthia Hooper-Hill_, having been duly authorized to make service of the Summons, Complaint and Initial Order in the above entitled case, hereby depose and say:

That my age and date of birth are: _47, 8-03-1961_ .
That my residential or business address is: _716 G Street NE_
_Washington DC 20002_ .
That at _4:20_ o'clock am/pm on the _1-29th_ day of _January_, 2008, I personally served the defendant _Off. Franklin Bressauer_, a defendant in the above-captioned matter, with a copy of the Summons, Complaint and Initial Order at _445 4th Street, SW Washington DC 20024_
(Place where service was made.)

That I served defendant _____, a defendant in the above-captioned matter by leaving a copy of the Summons, Complaint and Initial Order at his/her place of abode or business at _____ _____ with _____ a person of approximately _____ years of age, who stated that he/she resides therein with the defendant.

SPECIFIC FACTS:  (If any) _____
_____

[By] _____
Signature of Affiant

SUBSCRIBRD AND SWORN to before me this _30th_ day of _January_ 2008.

[By] _____
Deputy Clerk/ Notary Public

My commission expires:

Sara Childress
NOTARY PUBLIC
DISTRICT OF COLUMBIA
My Commission Expires February 14, 2009

Case: 2007 CA 007907 B

3462114/VANCES 02/01/2008 10:23:56 AM

FILED
CIVIL ACTIONS BR
JAN 3 0 2008
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

### SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

BRYAN HAWKINS ) Civil Actin No. 2007 CA 007907 B
)
    Plaintiff, )
) Judge Brook Hedge
    vs. )
)
CATHY LANIER, et. al. ) Initial Conference: March 7, 2008
)
    Defendants. )

### AFFIDAVIT OF SERVICE BY PROCESS SERVER

    I, _DUSTIN PINKETT_, having been duly authorized to make service of the Summons, Complaint and Initial Order in the above entitled case, hereby depose and say:

    That my age and date of birth are: _31, 5-24-76 P_.
    That my residential or business address is: _230 NEWCOMB STREET, SE_
_WASHINGTON DC._

    That at _11:30_ o'clock am/pm on the _28th_ day of _JANUARY_, 2008, I personally served the defendant _____, a defendant in the above-captioned matter, with a copy of the Summons, Complaint and Initial Order at _____
(Place where service was made.)

    That I served defendant _MAYOR ADRIAN FENTY_, a defendant in the above-captioned matter by leaving a copy of the Summons, Complaint and Initial Order at his/her place of abode or business at _1350 PENNSYLVANIA AVE, NW_ _NWN, DC. 2001_ with _TABATHA BAXTON_ a person of approximately _35_ years of age, who stated that he/she resides therein with the defendant.

SPECIFIC FACTS: (If any) _TABATHA BAXTON WAS AUTHORIZED_
_TO ACCEPT SERVICE FOR MAYOR FENTY_.

                                [By] _____
                                Signature of Affiant

SUBSCRIBRD AND SWORN to before me this _30th_ day of _January_ 2008.

                                [By] _____
                                Deputy Clerk/ Notary Public

My commission expires: _____

                **Sara Childress**
                NOTARY PUBLIC
          DISTRICT OF COLUMBIA
      My Commission Expires February 14, 2009



SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

FILED
CIVIL ACTIONS BRANCH
JAN 3 0 2008
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

| | |
|---|---|
| BRYAN HAWKINS | ) Civil Actin No. 2007 CA 007907B |
| | ) |
| Plaintiff, | ) |
| | ) Judge Brook Hedge |
| vs. | ) |
| | ) |
| CATHY LANIER, et. al. | ) Initial Conference: March 7, 2008 |
| | ) |
| Defendants. | ) |

AFFIDAVIT OF SERVICE BY PROCESS SERVER

I, _JAMES R. Hill_____, having been duly authorized to make service of the Summons, Complaint and Initial Order in the above entitled case, hereby depose and say:

That my age and date of birth are: _52, 11-03-55_____.
That my residential or business address is: _2116 G Street NE._
_Washington DC. 20002_____
That at _12:00_ o'clock am/pm on the _28th_ day of _January_, 2008, I personally served the defendant _____, a defendant in the above-captioned matter, with a copy of the Summons, Complaint and Initial Order at _____
(Place where service was made.)

That I served defendant _Chief Cathy Lanier_, a defendant in the above-captioned matter by leaving a copy of the Summons, Complaint and Initial Order at his/her place of abode or business at _300 Indiana Avenue N.W. 4th fl._ _Wash, DC 20001_ with _Teresa Quon_ a person of approximately _30_ years of age, who stated that he/she resides therein with the defendant.

SPECIFIC FACTS: (If any) _Ms. Teresa Quon was authorized_ _to accept service for the Chief of Police Cathy Lanier._

[By] _James R. Hill_
Signature of Affiant

SUBSCRIBRD AND SWORN to before me this _30th_ day of _January_ 2008.

[By] _Sara R. Childress_
Deputy Clerk/ Notary Public

My commission expires:

Sara Childress
NOTARY PUBLIC
DISTRICT OF COLUMBIA
My Commission Expires February 14, 2009

Case: 2007 CA 007907 B

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION**

```
FILED
CIVIL ACTIONS BRANCH
JAN 3 0 2008
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC
```

| | |
|---|---|
| BRYAN HAWKINS | ) Civil Actin No. 2007 CA 007907B |
| | ) |
| Plaintiff, | ) |
| | ) Judge Brook Hedge |
| vs. | ) |
| | ) |
| CATHY LANIER, et. al. | ) Initial Conference:  March 7, 2008 |
| | ) |
| Defendants. | ) |

<u>AFFIDAVIT OF SERVICE BY PROCESS SERVER</u>

I, _JAMES R. HILL_ , having been duly authorized to make service of the Summons, Complaint and Initial Order in the above entitled case, hereby depose and say:

That my age and date of birth are: _57, 11-03-55_ .

That my residential or business address is: _716 C STREET NE WASHINGTON DC 20002_

That at _12:30_ o'clock am/pm on the _18th_ day of _JANUARY_, 2008, I personally served the defendant _____, a defendant in the above-captioned matter, with a copy of the Summons, Complaint and Initial Order at _____

(Place where service was made.)

That I served defendant _PETER NICKLES_ , a defendant in the above-captioned matter by leaving a copy of the Summons, Complaint and Initial Order at his/her place of abode or business at _441 4TH STREET N.W. WASH., DC 2000I_ with _MS. GAIL RIVERS_ a person of approximately _____ years of age, who stated that he/she resides therein with the defendant.

SPECIFIC FACTS: (If any) _PETER NICKLES HAS REPLACED LINDA SINGER @ THE GENERAL COUNSEL OFFICE, MS. GAIL RIVERS IS AUTHORIZED TO ACCEPT SERVICE FOR PETER NICKLES._ [By] _James R. Hill_
Signature of Affiant

SUBSCRIBRD AND SWORN to before me this _30th_ day of _January_ 2008.

[By] _Sara R. Childress_
Deputy Clerk/ Notary Public

My commission expires:

```
Sara Childress
NOTARY PUBLIC
DISTRICT OF COLUMBIA
My Commission Expires February 14, 2009
```

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Bryan G. Hawkins, 12002 Othman Court, Fort Washington, MD 20744    88885 | Chief Cathy Lanier, District of Columbia, Ofc. Franklin Hod ( Bauserman, Ofc. J. Chaplin, Ofc. K. Suter, Officer K. Cappello |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Prince George's
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Gilda Sherrod-Ali, 216 G Street, NE, 1st Floor, Washington, DC 20002 (202) 544-2299

Case: 1:08-cv-00302
Assigned To : Collyer, Rosemary M.
Assign. Date : 2/22/2008
Description: Civil Rights-Non-Employ.

---

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

O 1 U.S. Government Plaintiff

⊙ 3 Federal Question (U.S. Government Not a Party)

O 2 U.S. Government Defendant

O 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | O 1 | O 1 | Incorporated or Principal Place of Business in This State | O 4 | O 4 |
| Citizen of Another State | O 2 | O 2 | Incorporated and Principal Place of Business in Another State | O 5 | O 5 |
| Citizen or Subject of a Foreign Country | O 3 | O 3 | Foreign Nation | O 6 | O 6 |

---

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**O A. Antitrust**

☐ 410 Antitrust

**O B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**O C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**O D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

**O E. General Civil (Other)    OR    O F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans<br>(excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ◎ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding  ◎ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Action brought under 42 U.S.C. Sec. 1983 for alleged violation of 4th Amendment Rights

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   **DEMAND $** 250,000.00   Check YES only if demanded in complaint   **JURY DEMAND:**   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

**DATE** 2/22/08   **SIGNATURE OF ATTORNEY OF RECORD**

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.