# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
)
**BRYAN G. HAWKINS,**                   )
                                        )
           **Plaintiff,**               )        **C.A. No. 08-0302 (RMC)**
                                        )
       **v.**                           )
                                        )
**CHIEF CATHY LANIER**, *et al.*,        )
                                        )
           **Defendants.**              )
_____)

## DEFENDANTS CHIEF CATHY LANIER AND DISTRICT OF COLUMBIA'S PARTIAL MOTION TO DISMISS

Defendants District of Columbia (the "District") and Metropolitan Police Department ("MPD") Chief Cathy Lanier, by and through their undersigned counsel pursuant to Fed. R. Civ. P. 12(b)(6) and as set forth more fully in the accompanying Memorandum of Points and Authorities, respectfully request that this Court dismiss Chief Lanier from this lawsuit as she is sued only in her official capacity; and dismiss Plaintiff's constitutional claims against the District for failure to state a claim for municipal liability under 42 U.S.C. § 1983 and the doctrine of *Monell v. Department of Sic. Servs. of the City of New York,* 436 U.S. 658, 694 (1978).

Because this Motion is dispositive in nature, LCvR 7(m) is not applicable.[1]

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General

---

[1] MPD Officer Franklin Bauserman has been served and is filing an Answer. At the time this Motion was filed, upon information and belief, the other named Defendants in this lawsuit, MPD Officers Chaplin, Suter and Cappello, had not been served.

Civil Litigation Division


  /s/ Nicole L. Lynch
NICOLE L. LYNCH (471953)
Chief, Section II


   /s/ Shana L. Frost
SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax: (202) 727-3625
shana.frost@dc.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |  |
|---|---|---|
| | ) | |
| **BRYAN G. HAWKINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **C.A. No. 08-0302 (RMC)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CHIEF CATHY LANIER,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

_____)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS CHIEF CATHY LANIER AND DISTRICT OF COLUMBIA'S
PARTIAL MOTION TO DISMISS**

Defendants District of Columbia (the "District") and Metropolitan Police

Department ("MPD") Chief Cathy Lanier, by and through their undersigned counsel,

respectfully request that this Court dismiss Chief Lanier as she is sued only in her official

capacity and dismiss Plaintiff's constitutional claims against the District for failure to

state a claim for municipal liability under 42 U.S.C. § 1983 and the doctrine of *Monell v.*

*Department of Soc. Servs. of the City of New York,* 436 U.S. 658, 694 (1978).

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed the above-captioned matter in the Superior Court of the District of

Columbia on December 3, 2007 against the District of Columbia, Chief Lanier, and MPD

Officers Franklin Bauserman, J. Chaplin, K. Suter, and K. Cappello.  On February 22,

2008, the District removed this matter to this Court.

Plaintiff alleges that on December 1, 2006, MPD officers were conducting an

undercover "buy-bust" operation in the vicinity of the 2000 block of Rosedale Street, NE.

Compl. ¶ 10.  Plaintiff claims that "an observation post officer (Banks) observed an

alleged drug transaction between two individuals both of whom were seen on foot in that immediate area." *Id.*  Plaintiff states that a lookout was given and that "[s]hortly thereafter," Plaintiff was stopped in his vehicle in the vicinity of 21st Street and Benning Road, NE.  Compl. ¶ 11.

Plaintiff alleges that he was "violently removed out of his vehicle" and that he was searched, but no drugs were found on him.  Compl. ¶¶ 12-13.  He claims that one officer yelled, "It's in his ass," at which time the Defendant officers allegedly "forced [Plaintiff] over onto the trunk of the vehicle, pulled down his trousers and undergarments, and continued to hold him as one officer put on a rubber glove and inserted his fingers, first one then another, into [Plaintiff's] anus."  Compl. ¶ 15.  Plaintiff alleges that "[t]his occurred at a busy public intersection while several dozen people, including men, women and children looked on." *Id.*  Plaintiff states that at no time did the officers find any drugs or other contraband on or in Plaintiff's person.  Compl. ¶ 17.  Plaintiff was charged with distribution of a controlled substance, tried, and found not guilty.  Compl. ¶¶ 19-20.

Plaintiff brings claims of assault and battery (Count I), violation of civil rights (Count II), intentional infliction of emotional distress (Count III), and negligent training, supervision and retention (Count IV).  Although named, on information and belief, Plaintiff has not yet served Officers Chaplin, Suter or Cappello.

## II.    STANDARD OF REVIEW

For many years, the standard of review in determining the sufficiency of a complaint when faced with a motion to dismiss was that set forth by the Supreme Court in *Conley v. Gibson*: "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his

claim which would entitle him to relief." 355 U.S. 41, 45-46 (1957). In the recent

Supreme Court case of *Bell Atlantic Corp. v. Twombley,* 127 S. Ct. 1955 (2007),

however, the Court re-examined *Conley*, observing that "*Conley's* 'no set of facts'

language has been questioned, criticized, and explained away long enough." *Bell*

*Atlantic*, 127 S. Ct. at 1969. The Court concluded that "[t]he phrase is best forgotten as

an incomplete, negative gloss on an accepted pleading standard: once a claim has been

stated adequately, it may be supported by showing any set of facts consistent with the

allegations in the complaint. *Conley,* then, described the breadth of opportunity to prove

what an adequate complaint claims, not the minimum standard of adequate pleading to

govern a complaint's survival." *Id.* (citations omitted).

The Supreme Court in *Bell Atlantic* stated that a statement of grounds on which a

complaint rests "requires more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do." *Id.* at 1965. Rather, the Court now

imposes a "plausibility" standard when judging the sufficiency of a complaint in the face

of a motion to dismiss. *Id.* In reviewing Plaintiff's Complaint, it is clear that Plaintiff

cannot pass the plausibility standard with respect to his constitutional claim against the

District and thus this claim must be dismissed for failure to properly state a claim.

     **III.    ARGUMENT**

          **A.  Chief Lanier Must Be Dismissed From This Matter As She Is Sued**
              **In Her Official Capacity**

     "It is well-settled that '[a] suit against a municipal official in his official capacity

is treated as a suit against the municipality itself.'" *Lucas v. District of Columbia,* 505 F.

Supp. 2d 122, 126 (D.D.C. 2007) (Collyer, J.), quoting *Robinson v. District of Columbia*,

2005 U.S. Dist. LEXIS 3556 at *10 (D.D.C.) (citing *Kentucky v. Graham*, 473 U.S. 159

(1985); *Atchison v. District of Columbia*, 315 U.S. App. D.C. 318, 73 F.3d 418, 424

(1996)).  Accordingly, "[a]ny claims against defendant [Lanier] in [her] official capacity

proceed against the District of Columbia."  *Robinson*, 2005 U.S. Dist. LEXIS 3556  *10

(citing *Arnold v. Moore*, 980 F. Supp. 28, 36 (D.D.C. 1997)).

Plaintiff expressly states that he is suing Chief Lanier "in her official capacity

only."  Compl. ¶ 2.  Accordingly, Chief Lanier must be dismissed from this case.

### B.  Plaintiff Has Failed to State a Constitutional Claim Against the District of Columbia

The plaintiff alleges that the District violated his Fourth and Fifth Amendment

rights under the U.S. Constitution and the District of Columbia Human Rights Act.  His

complaint thus is essentially one for relief pursuant to 42 U.S.C. § 1983.  As explained in

*Monell v. Dep't of Social Servs. of the City of New York*, the District cannot be held liable

for the plaintiff's constitutional claims as they are alleged in the complaint. 436 U.S. 658,

694 (1978); *see also City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985).

According to the Supreme Court decision in *Monell*:

> a local government may not be sued under § 1983 for an injury
> inflicted solely by its employees or agents.  Instead, it is when
> execution of a government's policy or custom … inflicts the injury
> that the government as an entity is responsible under § 1983."

*Monell,* 436 U.S. at 694.

The Supreme Court further held in *Oklahoma City* that, "at the very least there

must be an affirmative link between the policy and the particular constitutional violation

alleged."  *Oklahoma City*, 471 U.S. at 824.  The *Oklahoma City* decision interpreted

*Monell* as holding that "municipal liability should not be imposed *when the municipality*

*was not itself at fault*."  *Id.* at 818 (emphasis added).

4

Plaintiff's claim for violation of his constitutional rights is articulated as follows:

At no time during the relevant events on December 1, 2006 did any MPD officer present have any information or reason to believe that [Plaintiff] had secreted any illegal drugs or contraband in any body cavity, but even if they did have reason to think he had, such body cavity searches, conducted in public places without benefit of a search warrant are per se violations of the protections guaranteed under the Forth (sic) Amendment of the United States Constitution.

The conduct of the above-named MPD officers, as fully set forth above, directly and proximately subjected [Plaintiff] to the deprivation of rights guaranteed by the United States Constitution and the District of Columbia Human Rights Act in the following ways:

 a.) The use of excessive force as demonstrated by the police officers clearly deprived [Plaintiff] of his right to due process of law, in violation of the Fifth Amendment;

 b.) The actions of the police officers [sic] full body cavity search of his person in a public place without probable cause or a valid warrant, deprived [Plaintiff] of his right to be secure in his person as against unreasonable searches and seizures, in violation of the Fourth Amendment;

 c.) The actions of the police officers led to the deprivation of [Plaintiff's] liberty and false imprisonment in violation of the Fifth Amendment.

Compl. ¶¶ 29-30.

Here, even with all reasonable inferences are taken in favor of the Plaintiff, the Complaint does not support a finding of municipal liability that would satisfy the requirements set forth in *Monell*.

### 1. Plaintiff's § 1983 Claim Must Be Dismissed, Because His Complaint Fails to Allege a Municipal "Policy or Custom."

Although there is no heightened pleading requirement, a § 1983 complaint must allege an established municipal policy or custom that caused the constitutional violation at issue. *Dorman v. District of Columbia*, 888 F.2d 159, 162 (D.C. Cir. 1989); *Dant v.*

5

*District of Columbia*, 829 F.2d 69, 77 (D.C. Cir. 1987). A complaint that does not allege such a policy or custom fails to allege a necessary element of liability under § 1983, and that claim must be dismissed. *Dant*, 829 F.2d at 76.

In *Dant*, the plaintiff was unlawfully detained by the District of Columbia police for several hours. *Id.* at 71. In his complaint against the District, the plaintiff alleged that the District, by its "malicious prosecution and abuse of lawfully issued process," had "violated plaintiff's rights under the Fifth and Fourteenth Amendments … and 42 U.S.C. § 1983." *Id.* at 77. The court held that the plaintiff's complaint was insufficient to support a claim against the District, writing:

> The complaint nowhere alleges, however, that Dant was subject to malicious prosecution and abuse of process *pursuant to an established WMATA policy or practice*. The complaint thus fails to allege a necessary element of a section 1983 violation, namely, that there be a deprivation of rights "under color of any statute, ordinance, regulation, custom, or usage of any State." *Id.* (*citing Monell*, 346 U.S. at 691) (emphasis added).

Here, the Plaintiff's Complaint is similarly lacking. While the Complaint refers to conduct of the officers allegedly involved in the search of Plaintiff, it does not state that any of the individuals involved in the alleged incident *were* policy-making employees. Compl. ¶¶ 29-30. Furthermore, the Complaint does not state that the officers' behavior was related in any way to a policy or custom of the District. As such, the Complaint "fails to allege a necessary element" of a § 1983 violation, and thus the constitutional claim against the District must be dismissed.

**2. Plaintiff's § 1983 Claim Must Be Dismissed Because the Officers Did Not Have Policymaking Authority.**

None of the police officers that Plaintiff refers to in Paragraphs 29-30 of his Complaint had policymaking authority that could satisfy the requirements of *Monell*.  436 U.S. at 694; *see also Triplett v. District of Columbia*, 108 F.3d 1450, 1453 (D.C. Cir. 1997).

In *Triplett*, an inmate plaintiff sued two correctional officers and the District for the officers' use of excessive force.  The court held that the plaintiff only could succeed on his § 1983 claims against the District if he could "show fault on the part of the city based on a course its policymakers consciously chose to pursue."  *Id.* (*citing Carter v. District of Columbia*, 795 F.2d 116, 122 (D.C. Cir. 1986)).

In holding that the plaintiff had made no such showing, the court emphasized that the allegation that "supervisors" were in.  The court wrote that:

> the Supreme Court has made clear that the standard is more demanding. "If the mere exercise of discretion by an employee could give rise to a constitutional violation, the result would be … *respondeat superior* liability," which *Monell* had rejected."

*Id.* (*citing St. Louis v. Praprotnik*, 485 U.S. 112, 126 (1988)).  Finding "no one in this case's case of characters who could possibly be said to hold 'final policymaking authority' regarding the use of force in restraining prisoners," the court reversed the trial court's judgment of municipal liability.  *Id.* at 1454.

Here, the Plaintiff's Complaint alleges, in relevant part, that "[a]t no time during the relevant events on December 1, 2006 did any MPD officer present have any information or reason to believe that [Plaintiff] had secreted any illegal drugs or contraband in any body cavity."  Compl. ¶ 29.  He alleges that his rights were violated by

7

"[t]he use of excessive force as demonstrated by the police officers;" "[t]he actions of the police officers [sic] full body cavity search of his person in a public place without probable cause or a valid warrant;" and that "[t]he actions of the police officers led to the deprivation of [Plaintiff's] liberty and false imprisonment." Compl. ¶ 30. Thus, all the actions that Plaintiff alleges amount to a violation of his constitutional rights were actions relating to this particular incident and involving patrol officers, not policymaking authorities. Essentially, Plaintiff seeks to impose respondeat superior liability on the District for alleged constitutional violations, which is specifically prohibited by *Monell*. Because plaintiff's complaint fails to state a claim against the District for violation of 42 U.S.C. § 1983, all constitutional claims against the District must be dismissed.

## IV.    CONCLUSION

For the reasons set forth above, the Defendants respectfully request that the Court dismiss all Plaintiff's claims against Chief Lanier, and dismiss Plaintiff's constitutional claims against the District.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

  /s/ Nicole L. Lynch
NICOLE L. LYNCH (471953)
Chief, Section II

  /s/ Shana L. Frost
SHANA L. FROST (458021)
Assistant Attorney General

441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax:  (202) 727-3625
shana.frost@dc.gov