## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                          )
**BRYAN G. HAWKINS,**                     )
                                          )
        **Plaintiff,**               )    **C.A. No. 08-0302 (RMC)**
                                          )
    **v.**                              )
                                          )
**CHIEF CATHY LANIER, *et al*.,**          )
                                          )
       **Defendants.**              )
_____)

### OFFICER FRANKLIN BAUSERMAN'S ANSWER TO THE COMPLAINT

Metropolitan Police Department ("MPD") Officer Franklin Bauserman hereby Answers Plaintiff's Complaint as follows:

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

As to each of the numbered paragraphs in the Complaint, Officer Bauserman responds as follows:

### PARTIES

1.    Officer Bauserman is without sufficient information to admit or deny the allegations contained in Paragraph 1 of the Complaint.  On that basis, Paragraph 1 is denied.

2.    Officer Bauserman admits that Chief Cathy Lanier is the police chief of the District of Columbia, and that she is sued in her official capacity only.  The remaining allegations contained in Paragraph 2 contain conclusions of law to which no response is required.  To the extent a response is required, Officer Bauserman denies the same.

3.       Officer Bauserman admits that the District of Columbia is a municipal corporation and is the employer of officers of the Metropolitan Police Department. The remaining allegations contained in Paragraph 3 contain conclusions of law to which no response is required. To the extent a response is required, Officer Bauserman denies the same.

4.       Officer Bauserman admits that he is a member of the First District of the MPD and was operating in his official capacity at the time of the incident alleged in the Complaint. Officer Bauserman denies that he assaulted, battered, wrongfully arrested, or wrongfully detained the Plaintiff, or that he violated the constitutional rights of the Plaintiff. The remaining allegations contained in Paragraph 4 contain conclusions of law to which no response is required. To the extent a response is required, Officer Bauserman denies the same.

5.       The allegations contained in Paragraph 5 pertain to a Defendant who has not been served. Thus, no response from Officer Bauserman is required. To the extent a response is required, Officer Bauserman denies the same.

6.       The allegations contained in Paragraph 6 pertain to a Defendant who has not been served. Thus, no response from Officer Bauserman is required. To the extent a response is required, Officer Bauserman denies the same.

7.       The allegations contained in Paragraph 7 pertain to a Defendant who has not been served. Thus, no response from Officer Bauserman is required. To the extent a response is required, Officer Bauserman denies the same.

<u>JURISDICTION</u>

8.     Officer Bauserman admits that Paragraph 8 of the Complaint contains jurisdictional provisions, but denies that these provisions necessarily confer jurisdiction on him or on this Court.

<u>FACTS COMMON TO ALL COUNTS</u>

9.     Officer Bauserman denies that the acts and omissions alleged herein were committed by the members of the MPD named herein.

10.     Officer Bauserman admits that MPD officers were engaged in a buy-bust undercover operation in the area of the 2000 block of Rosedale Street, NE, and that Officer Banks, acting as an observation post officer, observed an alleged drug transaction between two individuals.  Officer Bauserman is without sufficient information with which to admit or deny the remaining allegations in Paragraph 10, and thus the remaining allegations are denied.

11.     Officer Bauserman admits that a lookout was given relating to an alleged drug transaction, and that Plaintiff was one of the individuals stopped by the police in his vehicle at 21st Street and Benning Road, NE.  Officer Bauserman denies the remaining allegations of Paragraph 11.

12.     Officer Bauserman is without sufficient information with which to admit or deny the allegations of Paragraph 12.  On that basis, the allegations in Paragraph 12 are denied

13.     Officer Bauserman admits that Plaintiff was searched, and that no drugs were found on Plaintiff, but denies the remaining allegations contained in Paragraph 13 of the Complaint.

14.     Officer Bauserman denies the allegations contained in Paragraph 14 of the Complaint.

15.     Officer Bauserman denies the allegations contained in Paragraph 15 of the Complaint.

16.     Officer Bauserman denies the allegations contained in Paragraph 16 of the Complaint.

17.     Officer Bauserman denies the allegations contained in Paragraph 17 of the Complaint.

18.     Officer Bauserman denies the allegations contained in Paragraph 18 of the Complaint.

19.     Officer Bauserman admits the allegations contained in Paragraph 19 of the Complaint.

20.     Officer Bauserman admits that Plaintiff was found not guilty.  Officer Bauserman denies that Plaintiff was wrongfully incarcerated.  Officer Bauserman is without sufficient information with which to admit or deny Plaintiff's allegations as to how long Plaintiff was incarcerated or the date Plaintiff was released from custody.  On that basis, the remaining allegations in Paragraph 20 are denied

21.     Officer Bauserman is without sufficient information with which to admit or deny the allegations contained in Paragraph 21.  On that basis, Officer Bauserman denies the allegations contained in Paragraph 21.

22.     Officer Bauserman denies the allegations contained in Paragraph 22 of the Complaint.

23.     Officer Bauserman denies the allegations contained in Paragraph 23 of the Complaint.

## CAUSES OF ACTION

## COUNT I – ASSAULT AND BATTERY

24.     Officer Bauserman restates and incorporates by reference his responses to Paragraphs 1 through 23 above as if fully set forth herein.

25.     Officer Bauserman denies the allegations contained in Paragraph 25 of the Complaint.

26.     The allegations contained in Paragraph 26 contain conclusions of law to which no response is required.  To the extent a response is required, Officer Bauserman denies the same.

27.     The allegations contained in Paragraph 27 contain conclusions of law to which no response is required.  To the extent a response is required, Officer Bauserman denies the same.

## COUNT II – VIOLATION OF DISTRICT OF COLUMBIA HUMAN RIGHTS ACT (CIVIL RIGHTS)

28.     Officer Bauserman restates and incorporates by reference his responses to Paragraphs 1 through 27 above as if fully set forth herein.

29.     The allegations contained in Paragraph 29 contain conclusions of law to which no response is required.  To the extent a response is required, Officer Bauserman denies the same.

30.    The allegations contained in Paragraph 30 contain conclusions of law to which no response is required.  To the extent a response is required, Officer Bauserman denies the same.

### COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

31.    Officer Bauserman restates and incorporates by reference his responses to Paragraphs 1 though 30 above as if fully set forth herein.

32.    Officer Bauserman denies the allegations contained in Paragraph 32 of the Complaint.

33.    Officer Bauserman denies the allegations contained in Paragraph 33 of the Complaint.

34.    Officer Bauserman denies the allegations contained in Paragraph 34 of the Complaint.

35.    Officer Bauserman denies the allegations contained in Paragraph 35 of the Complaint.

36.    Officer Bauserman denies the allegations contained in Paragraph 36 of the Complaint.

### COUNT IV – NEGLIGENT TRAINING, SUPERVISION AND RETENTION

37.    Officer Bauserman restates and incorporates by reference his responses to Paragraphs 1 through 36 above as if fully set forth herein.

38.    Officer Bauserman need not respond to the allegations contained in Paragraph 38 as these allegations pertain to a Defendant other than Officer Bauserman as Officer Bauserman does not train, supervise or retain MPD officers.  To the extent a response is required, Officer Bauserman denies the same.

39.     Officer Bauserman need not respond to the allegations contained in Paragraph 39 as these allegations pertain to a Defendant other than Officer Bauserman as Officer Bauserman does not train, supervise or retain MPD officers.  To the extent a response is required, Officer Bauserman denies the same.

40.     Officer Bauserman need not respond to the allegations contained in Paragraph 40 as these allegations pertain to a Defendant other than Officer Bauserman as Officer Bauserman does not train, supervise or retain MPD officers.  To the extent a response is required, Officer Bauserman denies the same.

41.     Officer Bauserman need not respond to the allegations contained in Paragraph 41 as these allegations pertain to a Defendant other than Officer Bauserman as Officer Bauserman does not train, supervise or retain MPD officers.  To the extent a response is required, Officer Bauserman denies the same.

Officer Bauserman denies any allegation in the Complaint not specifically admitted above.

### Third Defense

Officer Bauserman denies all allegations of wrongdoing, including but not limited to violations of common law, statutory and operational standards, negligence, deliberate indifference, and unconstitutional policy or custom.

### Fourth Defense

Officer Bauserman has performed his obligations, if any, towards Plaintiff in accordance with all applicable statutory, regulatory, constitutional, and common law requirements.

### Fifth Defense

If Plaintiff was injured and/or damaged as alleged in the Complaint, such injuries were the result of his own intentional, illegal and/or otherwise wrongful conduct.

### Sixth Defense

If Plaintiff was injured and/or damaged as alleged in the Complaint, such injuries and damages were the result of the criminal acts of a person or persons other than Officer Bauserman.

### Seventh Defense

If Plaintiff was injured and/or damaged as alleged in the Complaint, such injuries and damages were the result of his own sole or contributory negligence and/or his assumption of the risk.

### Eighth Defense

If Plaintiff was were injured and/or damaged as alleged in the Complaint, such injuries and damages were the result of a person or persons other than Officer Bauserman.

### Ninth Defense

If Plaintiff was injured or otherwise damaged as alleged in the Complaint, such injuries and/or damages were the result of the Plaintiff's sole, joint, or concurring negligence with a person or persons other than Officer Bauserman.

### Tenth Defense

At all times relevant herein, Officer Bauserman has acted in good faith and with the reasonable belief that his actions were lawful under the circumstances.

### Eleventh Defense

Officer Bauserman asserts immunity, qualified immunity, absence of bad faith and absence of gross negligence and reckless indifference.

### Twelfth Defense

Acts or omissions of Officer Bauserman were discretionary and/or cannot create liability pursuant to the doctrine of absolute and/or qualified immunity.

### Thirteenth Defense

Plaintiff has failed to mitigate his damages.

### Fourteenth Defense

Plaintiff's claims are barred by collateral estoppel and res judicata.

### Fifteenth Defense

Plaintiff may have failed to comply with the statute of limitations.

### Sixteenth Defense

Plaintiff is not entitled to punitive damages.


Officer Bauserman reserves the right to amend his Answer to the Complaint and to raise any additional defenses, which the evidence in discovery may reveal.

### Set-off

Officer Bauserman asserts a set-off against any judgment rendered against him for all funds and services provided to or on behalf of Plaintiff, including medical care.

### Jury Demand

Officer Bauserman hereby demands a trial by jury.

WHEREFORE, having fully answered the complaint filed herein, Officer

Bauserman prays that the same be dismissed, and that he recovers his costs of suit

expended herein.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


\_\_/s/  Nicole L. Lynch_____
NICOLE L. LYNCH (471953)
Chief, Section II


\_\_\_/s/  Shana L. Frost_____
SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax:  (202) 727-3625
shana.frost@dc.gov


Counsel for Officer Franklin Bauserman