UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| BRYAN G. HAWKINS,           ) | |
|                             ) | |
|     Plaintiff,    ) | C.A. No. 08-0302 (RMC) |
|                             ) | |
| v.                          ) | |
|                             ) | |
| CHIEF CATHY LANIER, *et al.*,) | |
|                             ) | |
|     Defendants.   ) | |

**DISTRICT OF COLUMBIA'S ANSWER TO THE COMPLAINT**

The District of Columbia (the "District") hereby Answers Plaintiff's Complaint as follows:

**First Defense**

The Complaint fails to state a claim upon which relief can be granted.

**Second Defense**

As to each of the numbered paragraphs in the Complaint, the District responds as follows:

PARTIES

1.  The District is without sufficient information to admit or deny the allegations contained in Paragraph 1 of the Complaint. On that basis, Paragraph 1 is denied.

2.  The District admits that Chief Cathy Lanier is the police chief of the District of Columbia, and that she is sued in her official capacity only. The remaining allegations contained in Paragraph 2 contain conclusions of law to which no response is required. To the extent a response is required, the District denies the same.

3. The District admits that it is a municipal corporation and it is the employer of officers of the Metropolitan Police Department. The remaining allegations contained in Paragraph 3 contain conclusions of law to which no response is required. To the extent a response is required, the District denies the same.

4. The District admits that Officer Bauserman is a member of the First District of the MPD and was operating in the scope of his employment at the time of the incident alleged in the Complaint. The District denies that Officer Bauserman assaulted, battered, wrongfully arrested, or wrongfully detained the Plaintiff, or that Officer Bauserman violated the constitutional rights of the Plaintiff. The remaining allegations contained in Paragraph 4 contain conclusions of law to which no response is required. To the extent a response is required, the District denies the same.

5. The District admits that Officer Chaplin is a member of the First District of the MPD and was operating in the scope of his employment at the time of the incident alleged in the Complaint. The District denies that Officer Chaplin assaulted, battered, wrongfully arrested, or wrongfully detained the Plaintiff, or that Officer Chaplin violated the constitutional rights of the Plaintiff. The remaining allegations contained in Paragraph 5 contain conclusions of law to which no response is required. To the extent a response is required, the District denies the same.

6. The District admits that Officer Suter is a member of the First District of the MPD and was operating in the scope of his employment at the time of the incident alleged in the Complaint. The District denies that Officer Suter assaulted, battered, wrongfully arrested, or wrongfully detained the Plaintiff, or that Officer Suter violated the constitutional rights of the Plaintiff. The remaining allegations contained in

Paragraph 6 contain conclusions of law to which no response is required. To the extent a response is required, the District denies the same.

7. The District admits that Officer Cappello is a member of the First District of the MPD and was operating in the scope of her employment at the time of the incident alleged in the Complaint. The District denies that Officer Cappello assaulted, battered, wrongfully arrested, or wrongfully detained the Plaintiff, or that Officer Cappello violated the constitutional rights of the Plaintiff. The remaining allegations contained in Paragraph 7 contain conclusions of law to which no response is required. To the extent a response is required, the District denies the same.

## JURISDICTION

8. The District admits that Paragraph 8 of the Complaint contains jurisdictional provisions, but denies that these provisions necessarily confer jurisdiction on it or on this Court.

## FACTS COMMON TO ALL COUNTS

9. The District denies that the acts and omissions alleged herein were committed by the members of the MPD named herein.

10. The District admits that MPD officers were engaged in a buy-bust undercover operation in the area of the 2000 block of Rosedale Street, NE, and that Officer Banks, acting as an observation post officer, observed an alleged drug transaction between two individuals. The District is without sufficient information with which to admit or deny the remaining allegations in Paragraph 10; on that basis, the remaining allegations are denied.

11. The District admits that a lookout was given relating to an alleged drug transaction, and that Plaintiff was one of the individuals stopped by the police in his vehicle at 21st Street and Benning Road, NE. The District denies the remaining allegations in Paragraph 11.

12. The District is without sufficient information with which to admit or deny the allegations of Paragraph 12. On that basis, the allegations in Paragraph 12 are denied.

13. The District admits that Plaintiff was searched, and that no drugs were found on Plaintiff, but denies the remaining allegations contained in Paragraph 13 of the Complaint.

14. The District denies the allegations contained in Paragraph 14 of the Complaint.

15. The District denies the allegations contained in Paragraph 15 of the Complaint.

16. The District denies the allegations contained in Paragraph 16 of the Complaint.

17. The District denies the allegations contained in Paragraph 17 of the Complaint.

18. The District denies the allegations contained in Paragraph 18 of the Complaint.

19. The District admits the allegations contained in Paragraph 19 of the Complaint.

20. The District admits that Plaintiff was found not guilty. The District denies that Plaintiff was wrongfully incarcerated. The District is without sufficient information

with which to admit or deny Plaintiff's allegations as to how long Plaintiff was incarcerated or the date Plaintiff was released from custody. On that basis, the remaining allegations in Paragraph 20 are denied.

21. The District is without sufficient information with which to admit or deny the allegations contained in Paragraph 21. On that basis, the District denies the allegations contained in Paragraph 21.

22. The District denies the allegations contained in Paragraph 22 of the Complaint.

23. The District denies the allegations contained in Paragraph 23 of the Complaint.

## CAUSES OF ACTION

## COUNT I – ASSAULT AND BATTERY

24. The District restates and incorporates by reference its responses to Paragraphs 1 through 23 above as if fully set forth herein.

25. The District denies the allegations contained in Paragraph 25 of the Complaint.

26. The allegations contained in Paragraph 26 contain conclusions of law to which no response is required. To the extent a response is required, the District denies the same.

27. The allegations contained in Paragraph 27 contain conclusions of law to which no response is required. To the extent a response is required, the District denies the same.

## COUNT II – VIOLATION OF DISTRICT OF COLUMBIA HUMAN RIGHTS ACT

### (CIVIL RIGHTS)

28. The District restates and incorporates by reference its responses to Paragraphs 1 through 27 above as if fully set forth herein.

29. The District need not respond to the allegations contained in Paragraph 29 of the Complaint as it has filed a Motion to Dismiss this claim for failure to state a claim upon which relief can be granted. To the extent a response is required, the District denies the same.

30. The District need not respond to the allegations contained in Paragraph 30 of the Complaint as it has filed a Motion to Dismiss this claim for failure to state a claim upon which relief can be granted. To the extent a response is required, the District denies the same.

## COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

31. The District restates and incorporates by reference its responses to Paragraphs 1 though 30 above as if fully set forth herein.

32. The District denies the allegations contained in Paragraph 32 of the Complaint.

33. The District denies the allegations contained in Paragraph 33 of the Complaint.

34. The District denies the allegations contained in Paragraph 34 of the Complaint.

35. The District denies the allegations contained in Paragraph 35 of the Complaint.

36. The District denies the allegations contained in Paragraph 36 of the Complaint.

## COUNT IV – NEGLIGENT TRAINING, SUPERVISION AND RETENTION

37. The District restates and incorporates by reference its responses to Paragraphs 1 through 36 above as if fully set forth herein.

38. The District denies the allegations contained in Paragraph 38 of the Complaint.

39. The allegations contained in Paragraph 39 contain conclusions of law to which no response is required. To the extent a response is required, the District denies the same.

40. The allegations contained in Paragraph 40 contain conclusions of law to which no response is required. To the extent a response is required, the District denies the same.

41. The District denies the allegations contained in Paragraph 41 of the Complaint.

The District denies any allegation in the Complaint not specifically admitted above.

## **Third Defense**

The District of Columbia denies all allegations of wrongdoing, including but not limited to violations of common law, statutory and operational standards, negligence, deliberate indifference, and unconstitutional policy or custom.

**Fourth Defense**

The District of Columbia, its agents, servants, and employees acting within the course and scope of their employment, have performed their obligations, if any, towards Plaintiff in accordance with all applicable statutory, regulatory, constitutional, and common law requirements.

**Fifth Defense**

If Plaintiff was injured and/or damaged as alleged in the Complaint, such injuries were the result of his own intentional, illegal and/or otherwise wrongful conduct.

**Sixth Defense**

If Plaintiff was injured and/or damaged as alleged in the Complaint, such injuries and damages were the result of the criminal acts of a person or persons other than the District of Columbia, its agents, employees, and/or servants acting within the scope of their employment.

**Seventh Defense**

If Plaintiff was injured and/or damaged as alleged in the Complaint, such injuries and damages were the result of his own sole or contributory negligence and/or his assumption of the risk.

**Eighth Defense**

If Plaintiff was injured and/or damaged as alleged in the Complaint, such injuries and damages were the result of a person or persons other than the District of Columbia, its employees, agents and servants acting within the scope of their employment.

**Ninth Defense**

If Plaintiff was injured or otherwise damaged as alleged in the Complaint, such injuries and/or damages were the result of the Plaintiff's sole, joint, or concurring negligence with a person or persons other than the District of Columbia, its agents, employees or servants acting within the scope of employment.

**Tenth Defense**

At all times relevant herein, the District of Columbia, its employees, agents and servants, acting within the course and scope of their employment, have acted in good faith and with the reasonable belief that their actions were lawful under the circumstances.

**Eleventh Defense**

The District of Columbia asserts immunity, qualified immunity, absence of bad faith and absence of gross negligence and reckless indifference.

**Twelfth Defense**

Acts or omissions of the District of Columbia, its employees, agents, or servants acting within the course and scope of their employment, were discretionary and/or cannot create liability pursuant to the doctrine of absolute and/or qualified immunity.

**Thirteenth Defense**

Plaintiff may have failed to fully comply with the mandatory notice requirements of D.C. Code Section 12-309 (1981).

**Fourteenth Defense**

Plaintiff has failed to mitigate his damages.

### Fifteenth Defense

Plaintiff's claims are barred by collateral estoppel and res judicata.

### Sixteenth Defense

Plaintiff may have failed to comply with the statute of limitations.

### Seventeenth Defense

Plaintiff is not entitled to punitive damages.

The District of Columbia reserves the right to amend its Answer to the Complaint and to raise any additional defenses, which the evidence in discovery may reveal.

### Set-off

The District of Columbia asserts a set-off against any judgment rendered against it for all funds and services provided to or on behalf of Plaintiff, including medical care.

### Jury Demand

The District of Columbia hereby demands a trial by jury.

WHEREFORE, having fully answered the complaint filed herein, Defendant District of Columbia prays that the same be dismissed, and that it recovers its costs of suit expended herein.

    Respectfully submitted,

    PETER J. NICKLES
    Interim Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General
    Civil Litigation Division


    __/s/  Nicole L. Lynch_____
    NICOLE L. LYNCH (471953)
    Chief, Section II

>   \_\_\_/s/  Shana L. Frost_____
>   SHANA L. FROST (458021)
>   Assistant Attorney General
>   441 4th Street, NW, 6th Floor South
>   Washington, DC 20001
>   (202) 724-6534
>   Fax:  (202) 727-3625
>   shana.frost@dc.gov
>
>   Counsel for the District of Columbia

11