## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **BRYAN G. HAWKINS** | : | |
| | : | **C.A. No. 08-0302 9RMC)** |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **CHIEF CATHY LANIER, et. al.** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

PLAINTIFF'S RESPONSE TO DEFENDANTS' PARTIAL MOTION  TO DISMISS

COMES NOW, the plaintiff, Bryan G. Hawkins, by and through undersigned counsel and respectfully opposes the motion of defendants District of Columbia (the "District") and MPD Chief Cathy Lanier's to dismiss Chief Lanier from the lawsuit pursuant to Fed. R. Civ. P. 12(b)(6), and to dismiss the constitutional claims against the District  for failure to state a claim for municipal liability under 42 U.S.C. Sec. 1983 and the doctrine of  ***Monell v. Department of Sic Servs. Of the City of New York***, 436 U.S. 658, 694 (1978).   Plaintiff requests that this Honorable Court dismiss defendants' request and require each to file an answer to the complaint.  The reasons for this request are fully laid out in the attached Points And Authorities.

Respectfully submitted,


  /s/ *Gilda Sherrod-Ali*
Gilda Sherrod-Ali, Esquire, #415526
Attorney at Law
216 G Street, NE, First Floor
Washington, DC   20002
(202) 544-2299  Phone
(202) 544-2298  Fax
Ali1950@aol.com  Email

CERTIFICATE OF SERVICE

I, Gilda Sherrod-Ali, do hereby certify that a true and correct copy of the foregoing Response was served on this 14th day of April, 2008 by both electronic mail and by regular U.S. mail postage prepaid, to Shana L. Frost,  Assistant Attorney General, 441 4th Street, NW, 6th Floor South, Washington, DC   20001.

/S/ *Gilda Sherrod-Ali*
Gilda Sherrod-Ali, Esquire

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **BRYAN G. HAWKINS** | : |
| | : **C.A. No. 08-0302 9RMC)** |
| **Plaintiff,** | : |
| | : |
| **vs.** | : |
| | : |
| **CHIEF CATHY LANIER, et. al.** | : |
| | : |
| **Defendants.** | : |
| _____ | : |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S RESPONSE TO DEFENDANTS' PARTIAL MOTION TO DISMISS

**I. FACTUAL AND PROCEDURAL HISTORY**

It is agreed that plaintiff filed the instant matter in the Superior Court of the

District of Columbia on December 3, 2007 against the named defendants, and that the

District removed the matter to this Court on February 22, 2008.  What counsel for the

District fails to state is that plaintiff had filed a motion in the Superior Court of the

District of Columbia on or about February 2, 2008 for an extension of time to serve the

additional defendants, Officers Chaplin, Suter and Cappello.  Prior to the date its answer

to said motion was due, the District removed the matter to this Court pursuant to 28

U.S.C.Sec. 1441.  Although the District of Columbia Judge has determined that any

pending action not ruled upon by her at the time of removal is now moot, 28 U.S.C. Sec.

1441(f) indicates that this court ". . . is not precluded from hearing and determining any

claim in such civil action because the State court from which such civil action is removed

did not have jurisdiction over that claim."

Defendants Chief Lanier and District of Columbia, by and through their attorneys,

misrepresent the factual allegations made by plaintiff in his complaint.  Plaintiff

thoroughly and comprehensively alleges facts to support each and every one of his claims with particularity and specificity, enough to put the defendants on notice in order to answer and defend against each.  Paragraphs 1-23 of the complaint state the relevant parties, the place where the incident occurred, the relevant date and time of the alleged incident, the conduct alleged to have occurred, and the results that the conduct had on the plaintiff.  (See pages 2—7 of plaintiff's complaint)

In addition, for each cause of action brought by the plaintiff in the complaint, he reiterates and incorporates paragraphs 1—23 of the complaint, and adds additional paragraphs to more fully allege with specificity the necessary elements for that particular cause of action.  For "Count I—Assault and Battery", allege excessive force was used by the police officers in effectuating his arrest, and that he was injured as a result of that use of excessive force against his person.  (See page 7 of the Complaint)  For "Count II— Violation of Civil Rights", plaintiff adds to paragraphs 1—23, that the police did not have probable cause to conduct a full body cavity search of his person, in a public place without benefit of a search warrant, and that said search was a "per se" violation of the Fourth Amendment of the United States Constitution.  (See page 8 of the Complaint)  In addition, he made additional, specific allegations of violations of his constitutional rights based upon the specific alleged acts of the named officers that occurred in the District of Columbia on a specified date and time.

In Count III of the complaint, plaintiff alleges intentional infliction of emotional distress, and in so doing, restates paragraphs 1—23 of the complaint and adds additional factual allegations regarding the elements necessary for that particular claim.  (See paragraphs 31—36 of the complaint).  In Count IV of the complaint, plaintiff alleges the

negligent training, supervision and retention of the named defendant police officers by the Chief of the Metropolitan Police Department and the District of Columbia.  Police Chief Cathy Lanier is sued in her official capacity only. In count IV of the complaint, not only does plaintiff re-allege paragraphs 1—23, but also adds specific paragraphs in numbers 38—40 of the complaint that adequately put the defendants on notice that the conduct engaged in by the police officers wherein they conducted a body cavity search on the person of Mr. Hawkins was in violation of Metropolitan Police Department regulations, that several officers were either involved or witnesses to the violation, yet none reported it, that the act became known to Chief Cathy Lanier, that these types of searches continue to occur in the District of Columbia, and the police officers in question were not disciplined, nor dismissed from the force.

## II.    STANDARD OF REVIEW

Defendants rely on the most liberal interpretation of <u>Conley v. Gibson</u>, 355 U.S. 41 (1957) when they reiterate the "no set of facts rule".  <u>Id.</u> 45—46.  However, <u>Conley v. Gibson</u> clearly stated that " . . . the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.  To the contrary, all the Rules require is a "short and plain statement of the claim." <u>Id</u> at page 47.  The U.S. Supreme Court most recently abrogated the ***Conley*** "no set of facts rule" in its holding in <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955 (2007), but that opinion did not change the general rule that "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests" <u>Id</u>, at page 1964 (quoting <u>Conley v. Gibson</u>, supra.)

Therefore, the Court indicated that " . . . once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint" Id. at 1969  (quoting several cases).  Here, in the instant matter, plaintiff's complaint meets this pleading test.  It is therefore not necessary for the Court to adopt the "plausibility" standard advanced by defendants because that pleading standard was stated specifically for the plaintiffs in Bell Atlantic Corp. v. Twombly, supra, who plead based on parallel conduct and not on any independent allegation of actual agreement among the ILECs" under Sec. 1 of the Sherman Act.  Id., at 1970.  But even if the court adopts a plausibility standard, although we think it should not, plaintiff's complaint meets that standard as well—particularly when it is compared to the vague and conclusory statements made by the plaintiffs in Bell Atlantic Corp. v. Twombly, supra.

### III.    ARGUMENT

Neither Chief Lanier nor the District of Columbia should be dismissed as parties from the instant action under 42 U.S.C. Section 1983 because in Ohio v. Harris, 489 U.S. 378, 103 L.Ed.2d 412 (1989), the US Supreme Court held ". . . that  the inadequacy of police training may serve as the basis for Sec. 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact".  At 387.  The court then went on to state that "This rule is most consistent with our admonition in *Monell*."   Citing: Monell v. New York City Dept. of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

In the instant case, plaintiff alleges inadequate training, retention and supervision, with specificity, and names Chief Cathy Lanier and the District, thus satisfying Ohio v. Harris, supra. To further connect city policy makers, it is further stated in Ohio v. Harris,

that "It could also be that the police, in exercising their discretion, so often violate constitutional rights that the need for further training must have been plainly obvious to the city policymakers". (See note 10 at p. 1205).

Plaintiff agrees with the defendants that "a suit against a municipal official in his official capacity is treated as a suit against the municipality itself". ( Defendants' motion at page 3.) Here, Chief Lanier is sued in her official capacity as Chief of Police of the District of Columbia's Metropolitan police Department, the entity responsible for the training, hiring and retention of the city's police officers. There are allegations in the complaint against her in her official capacity only because she does not act as the police chief of the city in her personal capacity. In addition, she is being named as the official who took over for the former police chief official.

Plaintiff does not agree that plaintiff has failed to state a constitutional claim against the District of Columbia. This is particularly true because of the plaintiff's allegations that would be allowed to go forward pursuant to <u>City of Canton Ohio v. Harris</u>, Supra. Here, with all reasonable inferences taken in favor of the plaintiff, the Complaint does support municipal liability, because as the <u>City of Canton, Ohio v. Harris</u> court stated, inadequacy of police training may serve as basis for Sec. 1983 municipal liability. Therefore the <u>Monell</u> requirements regarding "policy and practice" are not necessary.

## IV.    CONCLUSION

For all of the reasons stated herein, the plaintiff, Bryan Hawkins, by and through undersigned counsel, respectfully requests that this Honorable Court do not dismiss his claims against Chief Lanier , nor his constitutional claims against the District of

Columbia.

Respectfully submitted,

/s/ *Gilda Sherrod-Ali*
Gilda Sherrod-Ali, Esquire #415526
216 G Street, NE, First Floor
Washington, DC   20002
(202) 544-2299  Phone
(202) 544-2298  Fax
Ali1950@aol.com Email

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **BRYAN G. HAWKINS** | : |
| | : **C.A. No. 08-0302 9RMC)** |
| **Plaintiff,** | : |
| | : |
| **vs.** | : |
| | : |
| **CHIEF CATHY LANIER, et. al.** | : |
| | : |
| **Defendants.** | : |
| ——————————————————— | : |

ORDER

UPON CONSIDERATION of Plaintiff's Response in Opposition To

Defendants' Partial  Motion To Dismiss, it is hereby ORDERED:

    1.  THAT _____ ; AND

    2.  THAT _____

_____ .

Dated:_____          By_____
                                Judge of US District Court for DC

Copies To:

Gilda Sherrod-Ali, Esquire
Counsel for plaintiff
216 G Street, NE, First Floor
Washington, DC   20002

Shana L. Frost, AAG
Counsel for Defendants
441 4th Street, NW, 6th Floor South
Washington, DC   20001