UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| BRYAN G. HAWKINS, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 08-0302 (RMC) |
| | ) | |
| v. | ) | |
| | ) | |
| CHIEF CATHY LANIER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY TO PLAINTIFF'S OPPOSITION TO CHIEF CATHY LANIER'S AND DISTRICT OF COLUMBIA'S PARTIAL MOTION TO DISMISS**

Defendants District of Columbia (the "District") and Metropolitan Police Department ("MPD") Chief Cathy Lanier, by and through their undersigned counsel, hereby reply to Plaintiff's Opposition to their Motion to dismiss.

First, Plaintiff contends that the District and Chief Lanier "misrepresent the factual allegations made by plaintiff in his complaint." Opp. at 3. Plaintiff, however, does not point to any factual allegations that he claims have been misrepresented, and instead points the Court to the entire factual background in his Complaint. Not only is Plaintiff's accusation without merit, a review of the factual background portion of the brief filed by the District and Chief Lanier demonstrates that the brief sets forth the facts in the light most favorable to Plaintiff, albeit without the dramatic flare used by Plaintiff.

Second, Plaintiff does not dispute that Chief Lanier has been sued in her official capacity only. Opp. at 5; 7. Thus, Chief Lanier must be dismissed. *Lucas v. District of Columbia,* 505 F. Supp. 2d 122, 126 (D.D.C. 2007) (Collyer, J.), quoting *Robinson v. District of Columbia*, 2005 U.S. Dist. LEXIS 3556 at *10 (D.D.C.) (citing *Kentucky v.*

*Graham*, 473 U.S. 159 (1985); *Atchison v. District of Columbia*, 315 U.S. App. D.C. 318, 73 F.3d 418, 424 (1996)).

Third, Plaintiff asserts that he has stated a *Monell* claim as "inadequacy of police training may serve as a basis for Sec. 1983 municipal liability." Opp. at 6; 7. As demonstrated by the District and Chief Lanier in their Motion, the portion of Plaintiff's Complaint that asserts his civil rights claim does not allege improper training as a basis for the claim; rather, that argument is made in a section that purports to assert a common law claim. *Compare* Compl. Count III *with* Count IV.

Nevertheless, Plaintiff has still failed to assert a claim that can satisfy *Monell*. As the Supreme Court has observed, "there are limited circumstances in which an allegation of a 'failure to train' can be the basis for [municipal] liability under Section 1983." *City of Canton v. Harris,* 489 U.S. 378, 387 (1989). Specifically, Plaintiff must allege that the District's inaction in failing to train or supervise its employees adequately, constitutes a "policy or custom" under *Monell* amounting to "deliberate indifference towards the constitutional rights of persons in its domain." *Id.* at 388-89 & n.7; *see also Daskalea v. District of Columbia,* 227 F.3d 433, 441 (D.C. Cir. 2000). Specifically, Plaintiff may rest a *Monell* claim on an alleged failure to train but only where the inadequate training represents city policy and reflects the deliberate indifference to individual rights. *Atchinson v. District of Columbia,* 73 F.3d 418, 421 (D.C. Cir. 1996). As our Circuit observed in *Atchinson*:

> Because "proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*" absent proof that the activity was caused by a municipal policy, a plaintiff cannot prevail simply by showing that a single officer was inadequately trained. Furthermore, a plaintiff must demonstrate a close link between the alleged injury and the alleged deficiency in training.

2

*Atchinson,* 73 F.3d at 421, quoting *Canton*, 489 U.S. at 388-92; *City of Oklahoma City v. Tuttle,* 471 U.S. 808, 823-24 (1985); *see also Fernandors v. District of Columbia,* 382 F. Supp. 2d 63, 75-78 (D.D.C. 2005) (Bates, J.) (granting motion for summary judgment with respect to *Monell* claim against the District in a case where plaintiff could not show an obvious need to train absent evidence of widespread unconstitutional strip searches of arrestees).

Here, Plaintiff does not allege that the District acted with deliberate indifference to a need to train. Plaintiff points to his incident as "per se evidence of the lack of adequate training and supervision of police officers by their superiors." Compl. ¶ 38. As stated, a single incident is not sufficient to impose liability against the District. Plaintiff also cites a policy that prohibits such searches, which actually is evidence that the District is not deliberately indifferent to the constitutional rights of the people. Compl. ¶ 39. Thus, the District submits that Plaintiff has not set forth sufficient factual allegations to proceed with his claim against the District for violation of his constitutional rights.

According, Defendants respectfully request that the Court dismiss all Plaintiff's claims against Chief Lanier, and dismiss Plaintiff's constitutional claims against the District.

                              Respectfully submitted,

                              PETER J. NICKLES
                              Interim Attorney General for the District of Columbia

                              GEORGE C. VALENTINE
                              Deputy Attorney General
                              Civil Litigation Division

   /s/ Nicole L. Lynch
NICOLE L. LYNCH (471953)
Chief, Section II


   /s/ Shana L. Frost
SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax: (202) 727-3625
shana.frost@dc.gov

4