UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BRYAN G. HAWKINS,            )<br>                              )<br>       Plaintiff,            )<br>                              )<br>v.                            )<br>                              )<br>CHIEF CATHY LANIER, *et al.*,)<br>                              )<br>       Defendants.           )<br>_____) | C.A. No. 08-0302 (RMC) |

## RULE 16.3 REPORT

Pursuant to Fed. R. Civ. P. 16 and LCvR 16.3, the Plaintiffs and Defendant District of Columbia (the "District"), Chief Cathy Lanier, and Officer Franklin Bauserman (collectively "Defendants"), by and through their undersigned counsel submit the following report:

**A.     STATEMENT OF CLAIMS:**

Plaintiff claims that he was subjected to a public body cavity search, by force and against his will and in violation of Metropolitan Police Department ("MPD") regulations, during a narcotics arrest by members of the MPD on December 1, 2006. Plaintiff has brought causes of action against the District of Columbia, Chief Cathy Lanier, and MPD Officers Franklin Bauserman, J. Chaplin, K. Suter, and K. Cappello, alleging assault and battery (Count I), violation of civil rights (Count II), intentional infliction of emotional distress (Count III), and negligent training, supervision and retention (Count IV).

**B.     STATEMENT OF DEFENSES:**

The District has filed a partial motion to dismiss, arguing that Chief Lanier should be dismissed as she is sued in her official capacity only, and that Plaintiff has failed to state a claim for violation of constitutional rights against the District pursuant to *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658 (1978). Defendants contend that Plaintiff was not

strip searched, that Plaintiff's arrest was lawful, and that Plaintiff's constitutional and/or common law rights have not been violated in any way. Additionally, Plaintiff has failed to serve Officers Chaplin, Suter and Cappello; thus, these individuals are not properly before the Court.

**C.    AGREEMENTS OF THE PARTIES AND DISCOVERY PLAN:**

1. Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

Defendants believe that the case is likely to be disposed of by dispositive motion. As stated, the District has filed a partial motion to dismiss and intends to file a motion for summary judgment at the appropriate time.

2. The date by which any other parties shall be joined or the pleadings amended, and whether some or all of the factual and legal issues can be agreed upon or narrowed.

The parties agree that any other parties should be joined and/or the pleadings amended within 30 days after the Scheduling Conference. The parties further agree that any named defendants that have not yet been served shall be served within 30 days after the Scheduling Conference.

3. Whether the case should be assigned to a magistrate judge for all purposes, including trial.

The parties agree that the case should not be assigned to a magistrate judge for all purposes. However, the parties agree that a magistrate judge could be assigned to conduct mediation in this case.

4. Whether there is a realistic possibility of settling the case.

Defendants do not believe that settlement is a realistic possibility at this time.

5. Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

The parties agree that although the Defendants do not believe that settlement appears to be a realistic possibility at this time, they may benefit from mediation with a magistrate judge or through the Court's private mediation program at a later date. Mediation, if the case is not resolved by a dispositive motion, should be set for 30 days after the Court rules upon any summary judgment motion.

6. Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

The District believes that a portion of this case will be resolved by their motion to dismiss. Defendants believe that the remainder of the case can be resolved by summary judgment. The deadlines for such motion should be as follows:

a. Dispositive Motion: 30 days after the close of expert discovery

b. Oppositions: 20 days after filing of dispositive motion

c. Replies: 11 days after filing of opposition

7. Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1) and if not, what if any changes should be made in the scope, form or timing of those disclosures.

The parties agree to dispense with the initial disclosures required by Fed. R. Civ. 26(a)(1).

8. The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

The parties agree to the following discovery plan:

a. Fact discovery, including answers to interrogatories, document production, admissions, and depositions to be completed within 180 days after the Scheduling Conference.

       b.       The number of interrogatories shall be limited to 30 Interrogatories per side.

       c.       The number of depositions to be limited to 8 per side.

       d.       The duration of each deposition to be limited pursuant to LCvR 26.2(c).

9. Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2) should be modified, and whether and when depositions of experts should occur.

The parties agree that expert witness reports and information should be exchanged and expert discovery should occur as follows:

       a.       Plaintiff's Expert Report:    45 days after the close of fact discovery

       b.       Defendants' Expert Report:    45 days after the receipt of Plaintiff's expert report

       c.       Close of Expert Discovery:    120 days after the close of fact discovery

10. In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

Not applicable.

11. Whether the trial and/or discovery should be bifurcated or managed in phases and a specific proposal for such bifurcation.

The parties agree that bifurcation of the trial and/or discovery is not necessary at this time. However, the District reserves the right to move to bifurcate the trial and/or discovery if the need should arise.

12. The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter.)

The parties agree that a pretrial conference should be set, if necessary, 60 days after the Court rules upon any dispositive motion.

13. Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after the pretrial conference.

The parties agree that the trial date should be set at the pretrial conference from 30 to 60 days after that conference.

14. Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

None.

Respectfully submitted,

| | |
|---|---|
| PETER J. NICKLES | /s/ Gilda Sherrod-Ali |
| Interim Attorney General | GILDA SHERROD-ALI [415526] |
| for the District of Columbia | 216 G Street, NE |
| | Washington, DC 20002 |
| GEORGE C. VALENTINE | (202) 544-2299 |
| Deputy Attorney General | |
| Civil Litigation Division | Counsel for Plaintiff |

 /s/  Nicole L. Lynch
NICOLE L. LYNCH (471953)
Chief, Section II


   /s/  Shana L. Frost
SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax:  (202) 727-3625
shana.frost@dc.gov


Counsel for the District of Columbia, Chief Lanier and Officer Bauserman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| BRYAN G. HAWKINS, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 08-0302 (RMC) |
| v. | ) ) ) | |
| CHIEF CATHY LANIER, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**PROPOSED SCHEDULING ORDER**

UPON CONSIDERATION of the LCvR 16.3 Report submitted by Plaintiff and the District of Columbia, Chief Cathy Lanier, and Officer Franklin Bauserman (collectively the "Defendants"), and the entire record herein, it is this _____ day of _____, 2008, hereby ordered that:

1. The parties need not exchange the initial disclosures required by Fed. R. Civ. 26(a)(1).

2. All named parties are to be served with a copy of the complaint or amended complaint within 30 days of the date of this Order.

3. Fact discovery, including answers to interrogatories, document production, admissions, and depositions to be completed within 180 days after the date of this Order.

4. The number of interrogatories is to be limited to 30 per side.

5. The number of depositions is to be limited to 8 per side.

6. The duration of each deposition is to be limited pursuant to LCvR 26.2(c).

7. Plaintiff's expert report(s) and information shall be served no later than 45 days after the close of fact discovery.

8.	The Defendants' expert report(s) and information shall be served no later than 45 days after receipt of Plaintiff's expert report(s).

9.	All discovery on the parties' experts shall close 120 days after the close of fact discovery.

10.	All dispositive motion shall be filed no later than 30 days after the close of expert discovery.

11.	Memoranda of points and authorities in opposition to any dispositive motions shall be filed no later than 20 days after filing of the dispositive motion.

12.	Reply memoranda shall be filed no later than 11 days after filing of the opposition(s).


_____
Rosemary M. Collyer
United States District Judge
for the District of Columbia