# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

| | |
|---|---|
| **BRYAN G. HAWKINS** | : |
| **12002 OTHMAN COURT** | : |
| **FORT WASHINGTON, MD  20744** | : |
| | : **Case No. 08-0302 (RMC)** |
| Plaintiff, | : |
| | : |
| vs. | : |
| | : |
| **CATHY LANIER** | : |
| **Chief of Metropolitan Police Department** | : |
| **300 Indiana Avenue, N.W.** | : |
| **Washington, D.C.   20001   and** | : |
| | : |
| **DISTRICT OF COLUMBIA** | : |
| **C/O  MAYOR ADRIAN FENTY** | : |
| **JOHN A. WILSON BUILDING** | : |
| **1350 Pennsylvania Avenue, N.W.** | : |
| **Washington, D.C.    20001   and** | : |
| | : |
| **OFFICER FRANKLIN BAUSERMAN** | : |
| **Badge No. 135** | : |
| **First District  MPD** | : |
| **415 45th Street, S.W.** | : |
| **Washington, D.C.  20024    and** | : |
| | : |
| **OFFICER JOSEPH CHAPLIN** | : |
| **Badge No. 3814** | : |
| **First District MPD** | : |
| **415 45th Street, S.W.** | : |
| **Washington, D.C.  20024    and** | : |
| | : |
| **OFFICER CHRISTOPHER SUTER** | : |
| **Badge No.  1071** | : |
| **First District MPD** | : |
| **415 45th Street, S.W.** | : |
| **Washington, D.C.  20024  and** | : |
| | : |
| **OFFICER K. CAPPELLO** | : |
| **Badge No. 4274** | : |
| **First District MPD** | : |
| **415 45th Street, S.W.** | : |
| **Washington, DC   20024** | : |

|  |  :  |
|---|---|
| **Defendants.** | : |
|  | : |

AMENDED COMPLAINT

COMES NOW the Plaintiff, Bryan G. Hawkins, by and through undersigned counsel, and files this complaint to respectfully petition this Honorable Court for compensatory, special and punitive damages and for other relief.

PARTIES

1. Plaintiff, Bryan G. Hawkins (hereinafter Mr. Hawkins), was, at all times relevant to the claims brought herein, a resident of Fort Washington, Prince Georges County, Maryland and a citizen of the United States of America.

2. Defendant, Cathy Lanier, (hereinafter Police Chief Lanier), at all times relevant to the claims brought herein, was the police chief for the District of Columbia, and in that capacity, she was responsible for the supervision and training of the defendant police officers named herein. She is sued in her official capacity only, both jointly and severally. She is responsible for the improper and negligent supervision, training and retention of the police officers named herein.

3. Defendant District of Columbia (hereinafter the City), is a municipal corporation, and at all times relevant to the claims brought herein, was the employer of and responsible for the hiring, training, supervision and retention of its employees, the members and/or police officers of the Metropolitan Police Department (hereinafter MPD), including the police officers named herein. It is sued in its official capacity as said employer, respondent superior, both jointly and severally, and in its capacity as the responsible entity. It is responsible for the negligent, training, supervision and

retention of the police officers named herein.

4. Defendant police officer Franklin Bauserman (hereinafter officer Bauserman), was, at all times relevant hereto, a member of the MPD of Washington DC, First District, operating in his official capacity as a police officer for the MPD, and was one of the police officers responsible for the assault and battery on the person of Mr. Hawkins on December 1, 2006, the wrongful arrest and detention of Mr. Hawkins that began on December 1, 2006, and the violation of the constitutional and civil rights of Mr. Hawkins that occurred on December 1, 2006 and arising out of the incident on December 1, 2006. He is sued in both his official capacity and his individual capacity, jointly and severally.

5. Defendant police officer Joseph Chaplin (hereinafter officer Chaplin), was at all times relevant hereto, a member of the MPD of Washington DC, First District, operating in his official capacity as a police officer of MPD, and was one of the police officers responsible for the assault and battery on the person of Mr. Hawkins on December 1, 2006, the wrongful arrest and detention of Mr. Hawkins that began on December 1, 2006, and the violation of the constitutional and civil rights of Mr. Hawkins that occurred on December 1, 2006 and arising out of the incident on December 1, 2006. He is sued in both his official capacity and his individual capacity, jointly and severally.

6. Defendant police officer Christopher Suter (hereinafter officer Suter), was at all times relevant hereto, a member of the MPD of Washington DC, First District, operating in his official capacity as a police officer of MPD, and was one of the police officers responsible for the assault and battery on the person of Mr. Hawkins on December 1, 2006, the wrongful arrest and detention of Mr. Hawkins that began on December 1, 2006, and the violation of the constitutional and civil rights of Mr. Hawkins

that occurred on December 1, 2006 and arising out of the incident on December 1, 2006. He is sued in both his official capacity and his individual capacity, jointly and severally.

7. Defendant police officer K. Cappello (hereinafter officer Cappello), was at all times relevant hereto, a member of the MPD of Washington DC, First District, operating in his official capacity as a police officer of MPD, and was one of the police officers responsible for the assault and battery on the person of Mr. Hawkins on December 1, 2006, the wrongful arrest and detention of Mr. Hawkins that began on December 1, 2006, and the violation of the constitutional and civil rights of Mr. Hawkins that occurred on December 1, 2006 and arising out of the incident on December 1, 2006. He is sued in both his official capacity and his individual capacity, jointly and severally.

## JURISDICTION

8. This Court has original subject matter jurisdiction over this case by virtue of Sections 11-921, 13-422 and 13-423 of the District of Columbia Code (2001 Edition as amended), and personal jurisdictions over all defendants as they are employees of the District of Columbia.

## FACTS COMMON TO ALL COUNTS

9. All acts and omissions, herein alleged, occurred in the District of Columbia, and were committed by those members of the Metropolitan Police Department named herein.

10. The MPD police officers named herein were part of a MPD "buy-bust" drug undercover operation in the District of Columbia on or about December 1, 2006, and were working as part of that operation in and around the 2000 block of Rosedale Street, NE, Washington, DC when an observation post officer (Banks) observed an alleged drug transaction between two individuals both of whom were seen on foot

4

in that immediate area.

11. The observation post officer gave a "lookout" description for two male subjects. Shortly thereafter, at 21st Street, and Benning Road, NE, Washington, DC, Mr. Hawkins was stopped in his vehicle by the MPD officers named herein and forcibly held against his will as one of the two subjects involved in the alleged drug transaction on Rosedale Street, NE.

12. A thorough search was made of Mr. Hawkins' vehicle by the named MPD officers, but no drugs nor contraband of any kind was found.

13. Mr. Hawkins was violently removed out of his vehicle without a chance to voluntarily cooperate with the officers and thrown against his vehicle. His person was searched by the officers who conducted a complete pat down of his person and searched all of his pockets and effects. No drugs or contraband of any kind was found.

14. The named MPD officers continued to hold Mr. Hawkins even though they had not found any drugs on his person or in his vehicle. One officer then yelled, "It's in his ass." This, even though the officers had not seen Mr. Hawkins secret anything, nor did they have any information from any source that he had secreted anything in any body cavity.

15. The named police officers then forcibly held Mr. Hawkins against his will in the rear of his vehicle, forced him over onto the trunk of the vehicle, pulled down his trousers and his undergarments, and continued to hold him as one officer put on a rubber glove and inserted his fingers, first one then another, into Mr. Hawkins' anus. This occurred at a busy public intersection while several dozen people, including men, women and children looked on.

16. When the named MPD police officers pulled down Mr. Hawkins' clothing, they fully and completely exposed his genitals to the entire public that was witnessing the event.

17. The named police officers did not find any drugs, contraband or any other thing as a result of the full, public body cavity search done on Mr. Hawkins' person.

18. All of the MPD police officers present either participated in the event or witnessed it and did nothing to stop it.  Nor did any of the named police officers report the incident because all of the police officers knew or had reason to know that the body cavity search they conducted on Mr. Hawkins was done in violation of MPD regulations.

19. Mr. Hawkins was arrested on the scene and taken into custody, and, based on the testimony of the named officers herein, he was subsequently charged with distribution of a controlled substance, cocaine and held without bond until trial in March, 2006.

20. Following a jury trial in DC Superior Court, Mr. Hawkins was found not guilty of all charges and finally released from custody on March 5, 2007.  Mr. Hawkins spent ninety-four days wrongfully incarcerated.

21. As a direct and proximate result of the actions of the MPD police officers and the other named defendants as aforesaid, Mr. Hawkins suffered physical and mental injuries, wrongful detention of his person, loss of employment, loss of his liberty, emotional distress, pain, suffering and severe humiliation.

22. As a direct and proximate result of the actions by the Defendants District of Columbia, its agents and employees, Chief Lanier and the above-named MPD police officers, Mr. Hawkins was deprived of his constitutional and civil rights.

CAUSES OF ACTION

COUNT I—ASSAULT AND BATTERY

23. Paragraphs 1-23 are incorporated herein by reference and made a part hereof as though fully set forth.

24. While acting within the scope of their employment, the above-named Metropolitan police officers acted wantonly and maliciously toward Mr. Hawkins with deliberate violence and use of force beyond that necessary for an arrest, even if the arrest was based on probable cause. Officers Bauserman, Chaplin, Suter and Cappello held him down and searched his person—including a body cavity search for contraband where fingers were thrust up Mr. Hawkins' anus without his permission.

25. As a direct and proximate result of the conduct of the above-named MPD police officers, who were acting within the scope of their employment, Mr. Hawkins was injured physically, emotionally and psychologically and is entitled to recover money damages to compensate him for the forcible rape, assault and battery on his person, and for his pain, suffering and emotional distress caused by said assault and battery on his person.

26. Mr. Hawkins is further entitled to an award of exemplary (punitive) damages to punish the District of Columbia and the above named MPD police officers for their willful and malicious and/or grossly negligent and reckless misconduct toward him.

COUNT II—VIOLATION OF 42 U.S.C. SECTION 1983 (CIVIL RIGHTS)

27. Paragraphs 1-23 are incorporated herein by reference as though fully set forth herein.

28. At no time during the relevant events on December 1, 2006 did any MPD

officer present have any information or reason to believe that Mr. Hawkins had secreted any illegal drugs or contraband in any body cavity, but even if they did have reason to think he had, such body cavity searches, conducted in public places without benefit of a search warrant are per se violations of the protections guaranteed under the Fourth Amendment of the United States Constitution.

29. The conduct of the above-named MPD officers, as fully set forth above, directly and proximately subjected Mr. Hawkins to the deprivation of rights guaranteed by the United States Constitution and 42 U.S.C. Section 1983 in the following ways:

   a.) The use of excessive force as demonstrated by the police officers clearly deprived Mr. Hawkins of his right to due process of law, in violation of the Fifth Amendment;

   b.) The actions of the police officers full body cavity search of his person in a public place without probable cause or a valid warrant, deprived Mr. Hawkins of his right to be secure in his person as against unreasonable searches and seizures, in violation of the Fourth Amendment;

   c.) The actions of the police officers led to the deprivation of Mr. Hawkins liberty and false imprisonment in violation of the Fifth Amendment.

<u>COUNT III—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

30. Paragraphs 1-23 are incorporated herein by reference into this count as if fully set forth herein.

31. The above-named MPD police officers, due to their lack of sufficient training and supervision, treated Mr. Hawkins in an extreme and outrageous manner, exceeding the bounds of human decency. Officers Bauserman, Chaplin, Suter, and Cappello ignored MPD regulations regarding body cavity searches when they searched Mr. Hawkins in a public place without medical personnel present.

32. By their behavior and conduct, as more fully described in the paragraphs

above, the named MPD police officers intended to cause, or knew or had reason to know that their actions would cause Mr. Hawkins extreme emotional distress.

33. As a direct and proximate result of the actions of the named MPD officers, Mr. Hawkins suffered and still suffers from extreme emotional distress.

34. As a direct and proximate result of the actions of the named MPD police officers, Mr. Hawkins is entitled to recover money damages to compensate him for the emotional pain and trauma that he has suffered.

35. As a direct and proximate result of the actions of the named MPD police officers, Mr. Hawkins is entitled to an award for exemplary damages to punish the defendants for their malicious conduct.

COUNT IV—NEGLIGENT TRAINING, SUPERVISION AND RETENTION

36. Paragraphs 1-23 are incorporated herein by reference into this count as if fully set forth herein.

37. The conduct engaged in by the named MPD police officers against Mr. Hawkins on December 1, 2006 wherein he was forcibly held, and sodomized during a public body search by MPD police officers Bauserman, Chaplin, Suter and Cappello, none of whom tried to stop the activity from taking place, nor report it, is per se evidence of the lack of adequate training and supervision of police officers by their superiors, including, but not limited to the Chief of Police, Cathy Lanier.

38. Soon after he was arrested and sent to DC jail, Mr. Hawkins filed a written complaint with the MPD and the city regarding the incident and the harm done to him as a direct result of the body cavity search conducted against his person, on a public street, without medical supervision.

9

39. Police regulations prohibit, full body searches in public places, without a warrant, and absent medical supervision. Yet they continue to occur; particularly as against young black males stopped and searched for suspicious drug activity in the District of Columbia.

40. That any MPD police officers would conduct full body searches, in public places, without benefit of a warrant nor medical supervision, and not be penalized nor punished when the event came to knowledge of supervisors and superiors, including but not limited to Chief Cathy Lanier, indicates a lack of supervision and a willingness to retain said police officers despite a clear violation of law and policy.

41. As a direct and proximate result of the foregoing lack of training and supervision of said named MPD police officers, Mr. Hawkins was injured and is entitled to an award of compensatory and exemplary money damages.

## RELIEF REQUESTED

As a direct and proximate result of the actions of the Defendants as fully stated above, individually and jointly, plaintiff, Bryan G. Hawkins, respectfully requests that this Honorable Court enter a judgment for him and against all defendants, and grant the following relief:

a. Money damages to fully compensate plaintiff for out of pocket losses, assault, battery and medical treatment in an amount in excess of $250,000.00;

b. Money damages to fully compensate plaintiff for the extreme pain and suffering he endured as a result of the defendants' conduct in an amount in excess of $250,000.00;

c. Money damages to fully compensate plaintiff for the extreme emotional

and mental distress he suffered as a result of the defendants' conduct in the amount of $250,000.00;

    d.  Money damages to fully compensate plaintiff for violations of his civil and Constitutional rights in an amount in excess of $500,000.00;

    e.  Money damages to punish defendants for their extreme and outrageous conduct in assaulting plaintiff, violating his civil and constitutional rights, and for the negligent, training, supervision and retention of the named MPD officers, in an amount three (3) times the recovery of all other damages combined;

    f.  Reasonable attorney fees to compensate plaintiff for the cost of prosecuting this action as provided by 42 U.S.C. Section 1988; and

    g.  Any other and further relief which this Court deems is just and appropriate in the interest of justice.

## JURY DEMAND

Plaintiff, Bryan G. Hawkins, demands trial by Jury on all issues triable by a jury.

## RESERVATION OF RIGHT TO AMEND COMPLAINT

Plaintiff reserves the right to amend this complaint.

    Respectfully submitted on behalf of Plaintiff,

[By] /s/ *Gilda Sherrod-Ali*
Gilda Sherrod-Ali, Esquire, #415526
216 G Street, NE, First Floor
Washington, DC   20002
(202) 544-2299  Phone
(202) 544-2298  Fax

## AFFIRMATION

I, Bryan G. Hawkins, do hereby declare and affirm, under penalty of perjury that the foregoing contents of the complaint are true to the best of knowledge, information and belief.

/s/ *Bryan G. Hawkins*
Bryan G. Hawkins, Plaintiff