UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRYAN G. HAWKINS, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 08-0302 (RMC) |
| ) | |
| v. ) | |
| ) | |
| CHIEF CATHY LANIER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DISTRICT OF COLUMBIA'S ANSWER TO THE AMENDED COMPLAINT**

The District of Columbia (the "District") hereby Answers Plaintiff's Complaint as follows:

**First Defense**

The Amended Complaint fails to state a claim upon which relief can be granted.

**Second Defense**

As to each of the numbered paragraphs in the Amended Complaint, the District responds as follows:

PARTIES

1.  The District is without sufficient information to admit or deny the allegations contained in Paragraph 1 of the Amended Complaint.

2.  The District admits that Chief Cathy Lanier is the police chief of the District of Columbia, and that she is sued in her official capacity only. The remaining allegations contained in Paragraph 2 contain conclusions of law to which no response is required. To the extent a response is required, the District denies these allegations.

3. The District admits that it is a municipal corporation and it is the employer of officers of the Metropolitan Police Department. The remaining allegations contained in Paragraph 3 contain conclusions of law to which no response is required. To the extent a response is required, the District denies the same.

4. The District admits that Officer Bauserman is a member of the First District of the MPD. The remaining allegations contained in Paragraph 4 contain conclusions of law to which no response is required. To the extent a response is required, the District denies the same.

5. The District admits that Officer Chaplin is a member of the First District of the MPD. The remaining allegations contained in Paragraph 5 contain conclusions of law to which no response is required. To the extent a response is required, the District denies the same.

6. The District admits that Christopher Suter is a member of the First District of the MPD. The remaining allegations contained in Paragraph 6 contain conclusions of law to which no response is required. To the extent a response is required, the District denies the same.

7. The District admits that Officer Cappello is a member of the First District of the MPD. The remaining allegations contained in Paragraph 7 contain conclusions of law to which no response is required. To the extent a response is required, the District denies the same.

## JURISDICTION

8. Paragraph 8 of the Amended Complaint contains conclusions of law to which no response is required. To the extent a response is required, the District denies the same.

## FACTS COMMON TO ALL COUNTS

9. The District denies the allegations contained in Paragraph 9 of the Amended Complaint.

10. The District admits the allegations in Paragraph 10 of the Amended Complaint.

11. The District admits that a lookout was given for two male subjects, and that Plaintiff was one of the individuals stopped by the police in his vehicle at 21st Street and Benning Road, NE. The District denies the remaining allegations in Paragraph 11.

12. The District admits the allegations contained in Paragraph 12 of the Amended Complaint.

13. The District admits that Plaintiff was searched, and that no drugs were found on Plaintiff, but denies the remaining allegations contained in Paragraph 13 of the Amended Complaint.

14. The District denies the allegations contained in Paragraph 14 of the Amended Complaint.

15. The District denies the allegations contained in Paragraph 15 of the Amended Complaint.

16. The District denies the allegations contained in Paragraph 16 of the Amended Complaint.

17. The District denies the allegations contained in Paragraph 17 of the Amended Complaint.

18. The District denies the allegations contained in Paragraph 18 of the Amended Complaint.

19. The District admits the allegations contained in Paragraph 19 of the Amended Complaint.

20. The District admits that Plaintiff was found not guilty, but denies the remainder of Paragraph 20 of the Amended Complaint.

21. The District denies the allegations contained in Paragraph 21 of the Amended Complaint.

22. The District denies the allegations contained in Paragraph 22 of the Amended Complaint.

## CAUSES OF ACTION

### COUNT I – ASSAULT AND BATTERY

23. The District restates and incorporates by reference its responses to Paragraphs 1 through 22 above as if fully set forth herein.

24. Paragraph 24 of the Amended Complaint contains conclusions of law to which no response is required. To the extent a response is required, the District denies the same.

25. Paragraph 25 of the Amended Complaint contains conclusions of law to which no response is required. To the extent a response is required, the District denies the same.

26. Paragraph 26 of the Amended Complaint contains conclusions of law to which no response is required. To the extent a response is required, the District denies the same.

### COUNT II – VIOLATION OF 42 U.S.C. SECTION 1983 (CIVIL RIGHTS)

27. The District restates and incorporates by reference its responses to Paragraphs 1 through 26 above as if fully set forth herein.

28. The District need not respond to the allegations contained in Paragraph 28 of the Amended Complaint as it has filed a Motion to Dismiss this claim for failure to state a claim upon which relief can be granted. To the extent a response is required, the District denies the same.

29. The District need not respond to the allegations contained in Paragraph 29 of the Amended Complaint as it has filed a Motion to Dismiss this claim for failure to state a claim upon which relief can be granted. To the extent a response is required, the District denies the same.

### COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

30. The District restates and incorporates by reference its responses to Paragraphs 1 though 29 above as if fully set forth herein.

31. The District denies the allegations contained in Paragraph 31 of the Amended Complaint.

32. The District denies the allegations contained in Paragraph 32 of the Amended Complaint.

33. The District denies the allegations contained in Paragraph 33 of the Amended Complaint.

34. The District denies the allegations contained in Paragraph 34 of the Amended Complaint.

35. The District denies the allegations contained in Paragraph 35 of the Amended Complaint.

COUNT IV – NEGLIGENT TRAINING, SUPERVISION AND RETENTION

36. The District restates and incorporates by reference its responses to Paragraphs 1 through 35 above as if fully set forth herein.

37. The District denies the allegations contained in Paragraph 37 of the Amended Complaint.

38. The District is without sufficient information with which to admit or deny the allegations contained in Paragraph 38 of the Amended Complaint.

39. Paragraph 39 of the Amended Complaint contains conclusions of law to which no response is required. To the extent a response is required, the District denies the same.

40. Paragraph 40 of the Amended Complaint contains conclusions of law to which no response is required. To the extent a response is required, the District denies the same.

41. Paragraph 41 of the Amended Complaint contains conclusions of law to which no response is required. To the extent a response is required, the District denies the same.

The District denies any allegation in the Amended Complaint not specifically admitted above.

### Third Defense

The District of Columbia denies all allegations of wrongdoing, including but not limited to violations of common law, statutory and operational standards, negligence, deliberate indifference, and unconstitutional policy or custom.  The District further denies that Plaintiff is entitled to any relief whasoever.

### Fourth Defense

The District of Columbia, its agents, servants, and employees acting within the course and scope of their employment, have performed their obligations, if any, towards Plaintiff in accordance with all applicable statutory, regulatory, constitutional, and common law requirements.

### Fifth Defense

If Plaintiff was injured and/or damaged as alleged in the Amended Complaint, such injuries were the result of his own intentional, illegal and/or otherwise wrongful conduct.

### Sixth Defense

If Plaintiff was injured and/or damaged as alleged in the Amended Complaint, such injuries and damages were the result of the criminal acts of a person or persons other than the District of Columbia, its agents, employees, and/or servants acting within the scope of their employment.

### Seventh Defense

If Plaintiff was injured and/or damaged as alleged in the Amended Complaint, such injuries and damages were the result of his own sole or contributory negligence and/or his assumption of the risk.

**Eighth Defense**

If Plaintiff was injured and/or damaged as alleged in the Amended Complaint, such injuries and damages were the result of a person or persons other than the District of Columbia, its employees, agents and servants acting within the scope of their employment.

**Ninth Defense**

If Plaintiff was injured or otherwise damaged as alleged in the Amended Complaint, such injuries and/or damages were the result of the Plaintiff's sole, joint, or concurring negligence with a person or persons other than the District of Columbia, its agents, employees or servants acting within the scope of employment.

**Tenth Defense**

At all times relevant herein, the District of Columbia, its employees, agents and servants, acting within the course and scope of their employment, have acted in good faith and with the reasonable belief that their actions were lawful under the circumstances.

**Eleventh Defense**

The District of Columbia asserts immunity, qualified immunity, absence of bad faith and absence of gross negligence and reckless indifference.

**Twelfth Defense**

Acts or omissions of the District of Columbia, its employees, agents, or servants acting within the course and scope of their employment, were discretionary and/or cannot create liability pursuant to the doctrine of absolute and/or qualified immunity.

### Thirteenth Defense

Plaintiff may have failed to fully comply with the mandatory notice requirements of D.C. Code Section 12-309 (1981).

### Fourteenth Defense

Plaintiff has failed to mitigate his damages.

### Fifteenth Defense

Plaintiff's claims are barred by collateral estoppel and res judicata.

### Sixteenth Defense

Plaintiff may have failed to comply with the statute of limitations.

### Seventeenth Defense

Plaintiff is not entitled to punitive damages.

The District of Columbia reserves the right to amend its Answer to the Amended Complaint and to raise any additional defenses, that the evidence in discovery may reveal.

### Set-off

The District of Columbia asserts a set-off against any judgment rendered against it for all funds and services provided to or on behalf of Plaintiff, including medical care.

### Jury Demand

The District of Columbia hereby demands a trial by jury.

WHEREFORE, having fully answered the complaint filed herein, Defendant District of Columbia prays that the same be dismissed, and that it recovers its costs of suit expended herein.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

   /s/  Samuel C. Kaplan
SAMUEL C. KAPLAN (463350)
Assistant Deputy Attorney General

   /s/  Shana L. Frost
SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax:  (202) 727-3625
shana.frost@dc.gov


Counsel for the District of Columbia