UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BRYAN G. HAWKINS, | ) |
| Plaintiff, | ) C.A. No. 08-0302 (RMC) |
| v. | ) |
| CHIEF CATHY LANIER, *et al.*, | ) |
| Defendants. | ) |

**DEFENDANTS CHIEF CATHY LANIER AND DISTRICT OF COLUMBIA'S
PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendants District of Columbia (the "District") and Metropolitan Police Department ("MPD") Chief Cathy Lanier, by and through their undersigned counsel pursuant to Fed. R. Civ. P. 12(b)(6) and as set forth more fully in the accompanying Memorandum of Points and Authorities, respectfully request that this Court dismiss Chief Lanier from this lawsuit as she is sued only in her official capacity.  Defendants further request that the Court dismiss Plaintiff's constitutional claims against the District for failure to state a claim for municipal liability under 42 U.S.C. § 1983 and the doctrine of *Monell v. Department of Soc. Servs. of the City of New York,* 436 U.S. 658, 694 (1978).

Because this Motion is dispositive in nature, LCvR 7(m) is not applicable.[1]

        Respectfully submitted,

        PETER J. NICKLES
        Interim Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General

---

[1] MPD Officer Franklin Bauserman has been served and is filing an Answer to the Amended Complaint. At the time this Motion was filed, upon information and belief, the other named Defendants in this lawsuit, MPD Officers Chaplin, Suter and Cappello, had not been served.

Civil Litigation Division

　　/s/  Samuel C. Kaplan
SAMUEL C. KAPLAN (463350)
Assistant Deputy Attorney General

　　/s/  Shana L. Frost
SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax:  (202) 741-8934
shana.frost@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| **BRYAN G. HAWKINS,** | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 08-0302 (RMC) |
| | ) | |
| v. | ) | |
| | ) | |
| **CHIEF CATHY LANIER,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS CHIEF CATHY LANIER AND DISTRICT OF COLUMBIA'S
PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendants District of Columbia (the "District") and Metropolitan Police Department ("MPD") Chief Cathy Lanier, by and through their undersigned counsel, respectfully request that this Court dismiss Chief Lanier as she is sued only in her official capacity. Defendants further move that the Court dismiss Plaintiff's constitutional claims against the District for failure to state a claim for municipal liability under 42 U.S.C. § 1983 and the doctrine of *Monell v. Department of Soc. Servs. of the City of New York*, 436 U.S. 658, 694 (1978).

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed the above-captioned matter in the Superior Court of the District of Columbia on December 3, 2007, against the District of Columbia, Chief Lanier, and MPD Officers Franklin Bauserman, J. Chaplin, K. Suter, and K. Cappello. On February 22, 2008, the District removed this matter to this Court. The District thereafter filed a partial Motion to Dismiss. Plaintiff opposed the Motion to Dismiss, but subsequently amended his complaint prior to the Court's resolution of the Motion.

Plaintiff alleges that on December 1, 2006, MPD officers were conducting an undercover "buy-bust" operation in the vicinity of the 2000 block of Rosedale Street, NE. Am. Compl. ¶ 10.  Plaintiff claims that "an observation post officer (Banks) observed an alleged drug transaction between two individuals both of whom were seen on foot in that immediate area." *Id.*  Plaintiff states that a lookout was given and that "[s]hortly thereafter," Plaintiff was stopped in his vehicle in the vicinity of 21st Street and Benning Road, NE.  Am. Compl. ¶ 11.

Plaintiff alleges that he was "violently removed out of his vehicle" and that he was searched, but no drugs were found on him.  Am. Compl. ¶¶ 12-13.  He claims that one officer yelled, "It's in his ass," at which time the Defendant officers allegedly "forced [Plaintiff] over onto the trunk of the vehicle, pulled down his trousers and undergarments, and continued to hold him as one officer put on a rubber glove and inserted his fingers, first one then another, into [Plaintiff's] anus." Am. Compl. ¶¶ 14-15.  Plaintiff alleges that "[t]his occurred at a busy public intersection while several dozen people, including men, women and children looked on."  Am. Compl ¶ 15.  Plaintiff states that at no time did the officers find any drugs or other contraband on or in Plaintiff's person.  Compl. ¶ 17.  Plaintiff was charged with distribution of a controlled substance, tried, and found not guilty.  Compl. ¶¶ 19-20.

Plaintiff brings claims of assault and battery (Count I), violation of civil rights (Count II), intentional infliction of emotional distress (Count III), and negligent training, supervision and retention (Count IV).  On information and belief, Plaintiff has not yet served named MPD officers Chaplin, Suter or Cappello.

## II. STANDARD OF REVIEW

In examining a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 550 U.S. __, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). While a court "must not make any judgment about the probability of the plaintiff's success," *Aktieselskabet AF 21 November 2001 v. Fame Jeans, Inc.*, 2008 U.S. App. LEXIS 9627, * 20 (D.C. Cir. Apr. 29, 2008), bare conclusions of law, or sweeping and unwarranted averments of fact, will not be deemed admitted for purposes of a motion under Rule 12(b)(6). *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (D.C. Cir. 1987). Indeed, the court need not accept inferences drawn by Plaintiff if such inferences are unsupported by the facts set out in the complaint, "[n]or must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

## III. ARGUMENT

### A. Chief Lanier Must Be Dismissed From This Matter As She Is Sued In Her Official Capacity

"It is well-settled that '[a] suit against a municipal official in his official capacity is treated as a suit against the municipality itself.'" *Lucas v. District of Columbia,* 505 F. Supp. 2d 122, 126 (D.D.C. 2007) (Collyer, J.) (quoting *Robinson v. District of Columbia*, 2005 U.S. Dist. LEXIS 3556 at *10 (D.D.C. Feb. 28, 2005) (citing *Kentucky v. Graham*, 473 U.S. 159 (1985)); *Atchison v. District of Columbia*, 315 U.S. App. D.C. 318, 73 F.3d 418, 424 (1996)). Accordingly, "[a]ny claims against defendant [Lanier] in [her] official

3

capacity proceed against the District of Columbia." *Robinson*, 2005 U.S. Dist. LEXIS 3556, *10 (citing *Arnold v. Moore*, 980 F. Supp. 28, 36 (D.D.C. 1997)).

Plaintiff expressly states that he is suing Chief Lanier "in her official capacity only." Am. Compl. ¶ 2. Accordingly, Chief Lanier must be dismissed from this case.

### B. Plaintiff Has Failed to State a Constitutional Claim Against the District of Columbia

The plaintiff alleges that the District violated his Fourth and Fifth Amendment rights under the U.S. Constitution and 42 U.S.C. § 1983. *See* Am. Compl. ¶ 29. As explained in *Monell v. Dep't of Social Servs. of the City of New York*, the District cannot be held liable for the plaintiff's constitutional claims as they are alleged in the complaint. 436 U.S. 658, 694 (1978); *see also City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985).

According to the Supreme Court decision in *Monell*:

a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom … inflicts the injury that the government as an entity is responsible under § 1983."

*Monell,* 436 U.S. at 694.

The Supreme Court further held in *Oklahoma City* that, "at the very least there must be an affirmative link between the policy and the particular constitutional violation alleged." *Oklahoma City*, 471 U.S. at 824. The *Oklahoma City* decision interpreted *Monell* as holding that "municipal liability should not be imposed *when the municipality was not itself at fault*." *Id.* at 818 (emphasis added).

Plaintiff's claim for violation of his constitutional rights is articulated as follows:

At no time during the relevant events on December 1, 2006 did any MPD officer present have any information or reason to believe that [Plaintiff]

4

> had secreted any illegal drugs or contraband in any body cavity, but even if they did have reason to think he had, such body cavity searches, conducted in public places without benefit of a search warrant are per se violations of the protections guaranteed under the Fourth Amendment of the United States Constitution.
>
> The conduct of the above-named MPD officers, as fully set forth above, directly and proximately subjected [Plaintiff] to the deprivation of rights guaranteed by the United States Constitution and 42 U.S.C. Section 1983 in the following ways:
>
>> a.) The use of excessive force as demonstrated by the police officers clearly deprived [Plaintiff] of his right to due process of law, in violation of the Fifth Amendment;
>>
>> b.) The actions of the police officers [sic] full body cavity search of his person in a public place without probable cause or a valid warrant, deprived [Plaintiff] of his right to be secure in his person as against unreasonable searches and seizures, in violation of the Fourth Amendment;
>>
>> c.) The actions of the police officers led to the deprivation of [Plaintiff's] liberty and false imprisonment in violation of the Fifth Amendment.

Am. Compl. ¶¶ 28-29. Here, even when all reasonable inferences are taken in favor of the Plaintiff, the Amended Complaint does not support a finding of municipal liability that would satisfy the requirements set forth in *Monell*.

### 1. Plaintiff's Fifth Amendment Claim Fails As a Matter of Law

Plaintiff's Fifth Amendment claim must be dismissed as the actions underlying this cause of action are the alleged assault and battery. *See* Am. Compl. ¶ 29 ("The use of excessive force as demonstrated by the police officers clearly deprived [Plaintiff] of his right to due process of law, in violation of the Fifth Amendment."). Hence, such a claim is more properly analyzed under the 4th Amendment. *See Graham v. Connor*, 490 U.S. 386, 395 (1989) ("all claims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen must

5

be analyzed under the Fourth Amendment and its 'reasonableness' standard."). *See also Albright v. Oliver*, 510 U.S. 266, 273 (1994), ("where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims."). Thus, Plaintiff has failed to state a claim for violation of his Fifth Amendment rights.

### 2. Plaintiff's § 1983 Claim Must Be Dismissed, Because His Complaint Fails to Allege a Municipal "Policy or Custom."

A Section 1983 complaint must allege an established municipal policy or custom that caused the constitutional violation at issue. *Dorman v. District of Columbia*, 888 F.2d 159, 162 (D.C. Cir. 1989); *Dant v. District of Columbia*, 829 F.2d 69, 77 (D.C. Cir. 1987). A complaint that does not allege such a policy or custom fails to allege a necessary element of liability under § 1983, and that claim must be dismissed. *Dant*, 829 F.2d at 76.

In *Dant*, the plaintiff was unlawfully detained by the District of Columbia police for several hours. *Id.* at 71. In his complaint against the District, the plaintiff alleged that the District, by its "malicious prosecution and abuse of lawfully issued process," had "violated plaintiff's rights under the Fifth and Fourteenth Amendments … and 42 U.S.C. § 1983." *Id.* at 77. The court held that the plaintiff's complaint was insufficient to support a claim against the District, writing:

> The complaint nowhere alleges, however, that Dant was subject to malicious prosecution and abuse of process *pursuant to an established WMATA policy or practice*. The complaint thus fails to allege a necessary element of a section 1983 violation, namely, that there be a deprivation of rights "under color of any statute, ordinance, regulation, custom, or usage of any State." *Id.* (*citing Monell*, 346 U.S. at 691) (emphasis added).

6

Here, the Plaintiff's Complaint is similarly lacking. While the Amended Complaint refers to conduct of the officers allegedly involved in the search of Plaintiff, it does not state that such conduct was performed in accordance with any policy or custom of the District, nor does it allege that any of the individuals involved in the alleged incident *were* policy-making employees. Am. Compl. ¶¶ 28-29. Indeed, Plaintiff alleges that the officers "ignored MPD regulations regarding body cavity searches when they searched [Plaintiff] in a public place without medical personnel present." Am. Compl. ¶ 31. Thus, not only has Plaintiff failed to assert that the District's policy was the source of the constitutional violation, but Plaintiff has claimed that District policy would actually forbid the allegedly unconstitutional actions. As such, the Complaint "fails to allege a necessary element" of a § 1983 violation, and thus the constitutional claim against the District must be dismissed.

**3. Plaintiff's § 1983 Claim Must Be Dismissed Because the Officers Did Not Have Policymaking Authority.**

A plaintiff also may demonstrate that the specific acts of an individual are attributable to the District if the particular actor was a District policymaker. *Pembaur v. City of Cincinnati,* 475 U.S. 469, 480 (1986). Here, however, none of the police officers that Plaintiff refers to in Paragraphs 28-29 of his Amended Complaint had policymaking authority that could satisfy the requirements of *Monell*, 436 U.S. at 694; *see also Triplett v. District of Columbia*, 108 F.3d 1450, 1453 (D.C. Cir. 1997).

In *Triplett*, an inmate plaintiff sued two correctional officers and the District for the officers' use of excessive force. The court held that the plaintiff only could succeed on his § 1983 claims against the District if he could "show fault on the part of the city based on a course its policymakers consciously chose to pursue." *Id.* (*citing Carter v.*

7

*District of Columbia*, 795 F.2d 116, 122 (D.C. Cir. 1986)).  In holding that the plaintiff had made no such showing, the court emphasized that the allegation that "supervisors" were in.  The court wrote that:

> the Supreme Court has made clear that the standard is more demanding. "If the mere exercise of discretion by an employee could give rise to a constitutional violation, the result would be … *respondeat superior* liability," which *Monell* had rejected."

*Id.* (*citing St. Louis v. Praprotnik*, 485 U.S. 112, 126 (1988)).  Finding "no one in this case's case of characters who could possibly be said to hold 'final policymaking authority' regarding the use of force in restraining prisoners," the court reversed the trial court's judgment of municipal liability.  *Id.* at 1454.

Here, the Plaintiff's Complaint alleges, in relevant part, that "[a]t no time during the relevant events on December 1, 2006 did any MPD officer present have any information or reason to believe that [Plaintiff] had secreted any illegal drugs or contraband in any body cavity."  Am. Compl. ¶ 28.  He alleges that his rights were violated by "[t]he use of excessive force as demonstrated by the police officers;" "[t]he actions of the police officers [sic] full body cavity search of his person in a public place without probable cause or a valid warrant;" and that "[t]he actions of the police officers led to the deprivation of [Plaintiff's] liberty and false imprisonment."  Am. Compl. ¶ 29.  Thus, all the actions that Plaintiff alleges amount to a violation of his constitutional rights were actions relating to this particular incident and involving patrol officers, not policymaking authorities.  Essentially, Plaintiff seeks to impose respondeat superior liability on the District for alleged constitutional violations, which is specifically prohibited by *Monell*.  Because plaintiff's complaint fails to state a claim against the

8

District for violation of 42 U.S.C. § 1983, all constitutional claims against the District must be dismissed.

### IV.   CONCLUSION

For the reasons set forth above, the Defendants respectfully request that the Court dismiss all Plaintiff's claims against Chief Lanier, and dismiss Plaintiff's constitutional claims against the District.

        Respectfully submitted,

        PETER J. NICKLES
        Interim Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        ___/s/ Samuel C. Kaplan_____
        SAMUEL C. KAPLAN (463350)
        Assistant Deputy Attorney General

        ____/s/ Shana L. Frost_____
        SHANA L. FROST (458021)
        Assistant Attorney General
        441 4th Street, NW, 6th Floor South
        Washington, DC 20001
        (202) 724-6534
        Fax:  (202) 727-3625
        shana.frost@dc.gov