**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

———————————————————————
                                        )
**BRYAN G. HAWKINS,**                   )
                                        )
            **Plaintiff,**              )        **C.A. No. 08-0302 (RMC)**
                                        )
      **v.**                            )
                                        )
**CHIEF CATHY LANIER,** *et al.*,       )
                                        )
            **Defendants.**             )
———————————————————————)

**OFFICER JOSEPH CHAPLIN'S ANSWER TO THE AMENDED COMPLAINT**

Metropolitan Police Department ("MPD") Officer Joseph Chaplin hereby

Answers Plaintiff's Amended Complaint as follows:

**First Defense**

The Amended Complaint fails to state a claim upon which relief can be granted.

**Second Defense**

As to each of the numbered paragraphs in the Amended Complaint, Officer

Chaplin responds as follows:

PARTIES

1.      Officer Chaplin is without sufficient information to admit or deny the

allegations contained in Paragraph 1 of the Amended Complaint.

2.      Officer Chaplin admits that Chief Cathy Lanier is the police chief of the

District of Columbia, and that she is sued in her official capacity only.  The remaining

allegations contained in Paragraph 2 contain conclusions of law to which no response is

required.  To the extent a response is required, Officer Chaplin denies the same.

3.      Officer Chaplin admits that the District of Columbia is a municipal corporation and is the employer of officers of the Metropolitan Police Department. The remaining allegations contained in Paragraph 3 contain conclusions of law to which no response is required. To the extent a response is required, Officer Chaplin denies the same.

4.      The allegations contained in Paragraph 4 pertain to a Defendant other than Officer Chaplin. Thus, no response from Officer Chaplin is required. To the extent a response is required, Officer Chaplin denies the same.

5.      Officer Chaplin admits that he is a member of the First District of the MPD and was operating in his official capacity at the time of the incident alleged in the Amended Complaint. Officer Chaplin denies that he assaulted, battered, wrongfully arrested, or wrongfully detained the Plaintiff, or that he violated the constitutional rights of the Plaintiff. The remaining allegations contained in Paragraph 5 contain conclusions of law to which no response is required. To the extent a response is required, Officer Chaplin denies the same.

6.      The allegations contained in Paragraph 6 pertain to a Defendant other than Officer Chaplin. Thus, no response from Officer Chaplin is required. To the extent a response is required, Officer Chaplin denies the same.

7.      The allegations contained in Paragraph 7 pertain to a Defendant other than Officer Chaplin. Thus, no response from Officer Chaplin is required. To the extent a response is required, Officer Chaplin denies the same.

JURISDICTION

8.      Paragraph 8 of the Amended Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Officer Chaplin denies the same.

FACTS COMMON TO ALL COUNTS

9.      Officer Chaplin denies that the allegations contained in Paragraph 9 of the Amended Complaint.

10.     Officer Chaplin admits the allegations in Paragraph 10 of the Amended Complaint.

11.     Officer Chaplin admits that a lookout was given for two male subjects, and that Plaintiff was one of the individuals stopped by the police in his vehicle at 21st Street and Benning Road, NE.  Officer Chaplin denies the remaining allegations of Paragraph 11.

12.     Officer Chaplin admits that Plaintiff's vehicle was searched at some point and that no drugs were found in Plaintiff's car.

13.     Officer Chaplin admits that Plaintiff was searched, and that no drugs were found on Plaintiff, but denies the remaining allegations contained in Paragraph 13 of the Amended Complaint.

14.     Officer Chaplin denies the allegations contained in Paragraph 14 of the Amended Complaint.

15.     Officer Chaplin denies the allegations contained in Paragraph 15 of the Amended Complaint.

16.     Officer Chaplin denies the allegations contained in Paragraph 16 of the Amended Complaint.

17.     Officer Chaplin denies the allegations contained in Paragraph 17 of the Amended Complaint.

18.     Officer Chaplin denies the allegations contained in Paragraph 18 of the Amended Complaint.

19.     Officer Chaplin admits that Plaintiff was arrested, taken into custody, and charged with distribution of cocaine.

20.     Officer Chaplin admits that Plaintiff was found not guilty, but denies the remainder of Paragraph 20 of the Amended Complaint.

21.     Officer Chaplin denies the allegations contained in Paragraph 21 of the Amended Complaint.

22.     Officer Chaplin denies the allegations contained in Paragraph 22 of the Amended Complaint.

<u>CAUSES OF ACTION</u>

<u>COUNT I – ASSAULT AND BATTERY</u>

23.     Officer Chaplin restates and incorporates by reference his responses to Paragraphs 1 through 22 above as if fully set forth herein.

24.     Paragraph 24 of the Amended Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Officer Chaplin denies the same.

25.     Paragraph 25 of the Amended Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Officer Chaplin denies the same.

26.     Paragraph 26 of the Amended Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Officer Chaplin denies the same.

## COUNT II – VIOLATION OF 42 U.S.C. SECTION 1983 (CIVIL RIGHTS)

27.     Officer Chaplin restates and incorporates by reference his responses to Paragraphs 1 through 26 above as if fully set forth herein.

28.     The allegations contained in Paragraph 28 contain conclusions of law to which no response is required.  To the extent a response is required, Officer Chaplin denies the same.

29.     The allegations contained in Paragraph 29 contain conclusions of law to which no response is required.  To the extent a response is required, Officer Chaplin denies the same.

## COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

30.     Officer Chaplin restates and incorporates by reference his responses to Paragraphs 1 though 29 above as if fully set forth herein.

31.     Officer Chaplin denies the allegations contained in Paragraph 31 of the Amended Complaint.

32.     Officer Chaplin denies the allegations contained in Paragraph 32 of the Amended Complaint.

33.     Officer Chaplin denies the allegations contained in Paragraph 33 of the Amended Complaint.

34.     Officer Chaplin denies the allegations contained in Paragraph 34 of the Amended Complaint.

35.     Officer Chaplin denies the allegations contained in Paragraph 35 of the Amended Complaint.

<u>COUNT IV – NEGLIGENT TRAINING, SUPERVISION AND RETENTION</u>

36.     Officer Chaplin restates and incorporates by reference his responses to Paragraphs 1 through 35 above as if fully set forth herein.

37.     Officer Chaplin need not respond to the allegations contained in Paragraph 37 as these allegations pertain to a Defendant other than Officer Chaplin as Officer Chaplin does not train, supervise or retain MPD officers.  To the extent a response is required, Officer Chaplin denies the same.

38.     Officer Chaplin need not respond to the allegations contained in Paragraph 38 as these allegations pertain to a Defendant other than Officer Chaplin as Officer Chaplin does not train, supervise or retain MPD officers.  To the extent a response is required, Officer Chaplin denies the same.

39.     Officer Chaplin need not respond to the allegations contained in Paragraph 39 as these allegations pertain to a Defendant other than Officer Chaplin as Officer Chaplin does not train, supervise or retain MPD officers.  To the extent a response is required, Officer Chaplin denies the same.

40.     Officer Chaplin need not respond to the allegations contained in Paragraph 40 as these allegations pertain to a Defendant other than Officer Chaplin as Officer

Chaplin does not train, supervise or retain MPD officers. To the extent a response is required, Officer Chaplin denies the same.

Officer Chaplin denies any allegation in the Amended Complaint not specifically admitted above.

### Third Defense

Officer Chaplin denies all allegations of wrongdoing, including but not limited to violations of common law, statutory and operational standards, negligence, deliberate indifference, and unconstitutional policy or custom. Officer Chaplin further denies that Plaintiff is entitled to any relief whatsoever.

### Fourth Defense

Officer Chaplin has performed his obligations, if any, towards Plaintiff in accordance with all applicable statutory, regulatory, constitutional, and common law requirements.

### Fifth Defense

If Plaintiff was injured and/or damaged as alleged in the Amended Complaint, such injuries were the result of his own intentional, illegal and/or otherwise wrongful conduct.

### Sixth Defense

If Plaintiff was injured and/or damaged as alleged in the Amended Complaint, such injuries and damages were the result of the criminal acts of a person or persons other than Officer Chaplin.

## Seventh Defense

If Plaintiff was injured and/or damaged as alleged in the Amended Complaint, such injuries and damages were the result of his own sole or contributory negligence and/or his assumption of the risk.

## Eighth Defense

If Plaintiff was were injured and/or damaged as alleged in the Amended Complaint, such injuries and damages were the result of a person or persons other than Officer Chaplin.

## Ninth Defense

If Plaintiff was injured or otherwise damaged as alleged in the Amended Complaint, such injuries and/or damages were the result of the Plaintiff's sole, joint, or concurring negligence with a person or persons other than Officer Chaplin.

## Tenth Defense

At all times relevant herein, Officer Chaplin has acted in good faith and with the reasonable belief that his actions were lawful under the circumstances.

## Eleventh Defense

Officer Chaplin asserts immunity, qualified immunity, absence of bad faith and absence of gross negligence and reckless indifference.

## Twelfth Defense

Acts or omissions of Officer Chaplin were discretionary and/or cannot create liability pursuant to the doctrine of absolute and/or qualified immunity.

## Thirteenth Defense

Plaintiff has failed to mitigate his damages.

### Fourteenth Defense

Plaintiff's claims are barred by collateral estoppel and res judicata.

### Fifteenth Defense

Plaintiff may have failed to comply with the statute of limitations.

### Sixteenth Defense

Plaintiff is not entitled to punitive damages.

Officer Chaplin reserves the right to amend his Answer to the Amended Complaint and to raise any additional defenses, that the evidence in discovery may reveal.

### Set-off

Officer Chaplin asserts a set-off against any judgment rendered against him for all funds and services provided to or on behalf of Plaintiff, including medical care.

### Jury Demand

Officer Chaplin hereby demands a trial by jury.

WHEREFORE, having fully answered the complaint filed herein, Officer Chaplin prays that the same be dismissed, and that he recovers his costs of suit expended herein.

Respectfully submitted,

PETER J. NICKLES
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

    /s/  Samuel C. Kaplan_____
SAMUEL C. KAPLAN (463350)
Assistant Deputy Attorney General

_____/s/  Shana L. Frost_____

SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax:  (202) 727-3625
shana.frost@dc.gov


Counsel for Officer Franklin Chaplin