## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BRYAN G. HAWKINS, | ) |
| Plaintiff, | ) C.A. No. 08-0302 (RMC) |
| v. | ) |
| CHIEF CATHY LANIER, *et al*., | ) |
| Defendants. | ) |

### OFFICER KRISTINA CAPPELLO'S ANSWER TO THE AMENDED COMPLAINT

Metropolitan Police Department ("MPD") Officer Kristina Cappello hereby Answers Plaintiff's Amended Complaint as follows:

### First Defense

The Amended Complaint fails to state a claim upon which relief can be granted.

### Second Defense

As to each of the numbered paragraphs in the Amended Complaint, Officer Cappello responds as follows:

### PARTIES

1.   Officer Cappello is without sufficient information to admit or deny the allegations contained in Paragraph 1 of the Amended Complaint.

2.   Officer Cappello admits that Chief Cathy Lanier is the police chief of the District of Columbia, and that she is sued in her official capacity only. The remaining allegations contained in Paragraph 2 contain conclusions of law to which no response is required. To the extent a response is required, Officer Cappello denies the same.

      3.      Officer Cappello admits that the District of Columbia is a municipal corporation and is the employer of officers of the Metropolitan Police Department. The remaining allegations contained in Paragraph 3 contain conclusions of law to which no response is required. To the extent a response is required, Officer Cappello denies the same.

      4.      The allegations contained in Paragraph 4 pertain to a Defendant other than Officer Cappello. Thus, no response from Officer Cappello is required. To the extent a response is required, Officer Cappello denies the same.

      5.      The allegations contained in Paragraph 5 pertain to a Defendant other than Officer Cappello. Thus, no response from Officer Cappello is required. To the extent a response is required, Officer Cappello denies the same.

      6.      The allegations contained in Paragraph 6 pertain to a Defendant other than Officer Cappello. Thus, no response from Officer Cappello is required. To the extent a response is required, Officer Cappello denies the same.

      7.      Officer Cappello admits that she is a member of the First District of the MPD and was operating in her official capacity at the time of the incident alleged in the Amended Complaint. Officer Cappello denies that she assaulted, battered, wrongfully arrested, or wrongfully detained the Plaintiff, or that she violated the constitutional rights of the Plaintiff. The remaining allegations contained in Paragraph 7 contain conclusions of law to which no response is required. To the extent a response is required, Officer Cappello denies the same.

## JURISDICTION

8.  Paragraph 8 of the Amended Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Officer Cappello denies the same.

## FACTS COMMON TO ALL COUNTS

9.  Officer Cappello is without sufficient information with which to admit or deny the allegations contained in Paragraph 9 of the Amended Complaint.

10. Officer Cappello is without sufficient information with which to admit or deny the allegations contained in Paragraph 10 of the Amended Complaint.

11. Officer Cappello is without sufficient information with which to admit or deny the allegations contained in Paragraph 11 of the Amended Complaint.

12. Officer Cappello is without sufficient information with which to admit or deny the allegations contained in Paragraph 12 of the Amended Complaint.

13. Officer Cappello is without sufficient information with which to admit or deny the allegations contained in Paragraph 13 of the Amended Complaint.

14. Officer Cappello is without sufficient information with which to admit or deny the allegations contained in Paragraph 14 of the Amended Complaint.

15. Officer Cappello is without sufficient information with which to admit or deny the allegations contained in Paragraph 15 of the Amended Complaint.

16. Officer Cappello is without sufficient information with which to admit or deny the allegations contained in Paragraph 16 of the Amended Complaint.

17. Officer Cappello is without sufficient information with which to admit or deny the allegations contained in Paragraph 17 of the Amended Complaint.

18. Officer Cappello is without sufficient information with which to admit or deny the allegations contained in Paragraph 18 of the Amended Complaint.

19. Officer Cappello is without sufficient information with which to admit or deny the allegations contained in Paragraph 19 of the Amended Complaint.

20. Officer Cappello is without sufficient information with which to admit or deny the allegations contained in Paragraph 20 of the Amended Complaint.

21. Officer Cappello is without sufficient information with which to admit or deny the allegations contained in Paragraph 21 of the Amended Complaint.

22. Officer Cappello is without sufficient information with which to admit or deny the allegations contained in Paragraph 22 of the Amended Complaint.

## CAUSES OF ACTION

## COUNT I – ASSAULT AND BATTERY

23. Officer Cappello restates and incorporates by reference her responses to Paragraphs 1 through 22 above as if fully set forth herein.

24. Paragraph 24 of the Amended Complaint contains conclusions of law to which no response is required. To the extent a response is required, Officer Cappello denies the same.

25. Paragraph 25 of the Amended Complaint contains conclusions of law to which no response is required. To the extent a response is required, Officer Cappello denies the same.

26. Paragraph 26 of the Amended Complaint contains conclusions of law to which no response is required. To the extent a response is required, Officer Cappello denies the same.

### COUNT II – VIOLATION OF 42 U.S.C. SECTION 1983 (CIVIL RIGHTS)

27. Officer Cappello restates and incorporates by reference her responses to Paragraphs 1 through 26 above as if fully set forth herein.

28. The allegations contained in Paragraph 28 contain conclusions of law to which no response is required. To the extent a response is required, Officer Cappello denies the same.

29. The allegations contained in Paragraph 29 contain conclusions of law to which no response is required. To the extent a response is required, Officer Cappello denies the same.

### COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

30. Officer Cappello restates and incorporates by reference his responses to Paragraphs 1 though 29 above as if fully set forth herein.

31. Officer Cappello denies the allegations contained in Paragraph 31 of the Amended Complaint.

32. Officer Cappello denies the allegations contained in Paragraph 32 of the Amended Complaint.

33. Officer Cappello denies the allegations contained in Paragraph 33 of the Amended Complaint.

34. Officer Cappello denies the allegations contained in Paragraph 34 of the Amended Complaint.

35. Officer Cappello denies the allegations contained in Paragraph 35 of the Amended Complaint.

### COUNT IV – NEGLIGENT TRAINING, SUPERVISION AND RETENTION

36.     Officer Cappello restates and incorporates by reference her responses to Paragraphs 1 through 35 above as if fully set forth herein.

37.     Officer Cappello need not respond to the allegations contained in Paragraph 37 as these allegations pertain to a Defendant other than Officer Cappello as Officer Cappello does not train, supervise or retain MPD officers. To the extent a response is required, Officer Cappello denies the same.

38.     Officer Cappello need not respond to the allegations contained in Paragraph 38 as these allegations pertain to a Defendant other than Officer Cappello as Officer Cappello does not train, supervise or retain MPD officers. To the extent a response is required, Officer Cappello denies the same.

39.     Officer Cappello need not respond to the allegations contained in Paragraph 39 as these allegations pertain to a Defendant other than Officer Cappello as Officer Cappello does not train, supervise or retain MPD officers. To the extent a response is required, Officer Cappello denies the same.

40.     Officer Cappello need not respond to the allegations contained in Paragraph 40 as these allegations pertain to a Defendant other than Officer Cappello as Officer Cappello does not train, supervise or retain MPD officers. To the extent a response is required, Officer Cappello denies the same.

Officer Cappello denies any allegation in the Amended Complaint not specifically admitted above.

### **Third Defense**

Officer Cappello denies all allegations of wrongdoing, including but not limited to violations of common law, statutory and operational standards, negligence, deliberate

indifference, and unconstitutional policy or custom. Officer Cappello further denies that Plaintiff is entitled to any relief whatsoever.

### Fourth Defense

Officer Cappello has performed her obligations, if any, towards Plaintiff in accordance with all applicable statutory, regulatory, constitutional, and common law requirements.

### Fifth Defense

If Plaintiff was injured and/or damaged as alleged in the Amended Complaint, such injuries were the result of his own intentional, illegal and/or otherwise wrongful conduct.

### Sixth Defense

If Plaintiff was injured and/or damaged as alleged in the Amended Complaint, such injuries and damages were the result of the criminal acts of a person or persons other than Officer Cappello.

### Seventh Defense

If Plaintiff was injured and/or damaged as alleged in the Amended Complaint, such injuries and damages were the result of his own sole or contributory negligence and/or his assumption of the risk.

### Eighth Defense

If Plaintiff was were injured and/or damaged as alleged in the Amended Complaint, such injuries and damages were the result of a person or persons other than Officer Cappello.

### Ninth Defense

If Plaintiff was injured or otherwise damaged as alleged in the Amended Complaint, such injuries and/or damages were the result of the Plaintiff's sole, joint, or concurring negligence with a person or persons other than Officer Cappello.

### Tenth Defense

At all times relevant herein, Officer Cappello has acted in good faith and with the reasonable belief that her actions were lawful under the circumstances.

### Eleventh Defense

Officer Cappello asserts immunity, qualified immunity, absence of bad faith and absence of gross negligence and reckless indifference.

### Twelfth Defense

Acts or omissions of Officer Cappello were discretionary and/or cannot create liability pursuant to the doctrine of absolute and/or qualified immunity.

### Thirteenth Defense

Plaintiff has failed to mitigate his damages.

### Fourteenth Defense

Plaintiff's claims are barred by collateral estoppel and res judicata.

### Fifteenth Defense

Plaintiff may have failed to comply with the statute of limitations.

### Sixteenth Defense

Plaintiff is not entitled to punitive damages.

Officer Cappello reserves the right to amend her Answer to the Amended Complaint and to raise any additional defenses, that the evidence in discovery may reveal.

### Set-off

Officer Cappello asserts a set-off against any judgment rendered against her for all funds and services provided to or on behalf of Plaintiff, including medical care.

### Jury Demand

Officer Cappello hereby demands a trial by jury.

WHEREFORE, having fully answered the complaint filed herein, Officer Cappello prays that the same be dismissed, and that she recovers her costs of suit expended herein.

Respectfully submitted,

PETER J. NICKLES
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

  /s/ Samuel C. Kaplan
SAMUEL C. KAPLAN (463350)
Assistant Deputy Attorney General

  /s/ Shana L. Frost
SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax: (202) 727-3625
shana.frost@dc.gov

Counsel for Officer Kristina Cappello