UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| BRYAN G. HAWKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-302 (RMC) |
| | ) | |
| CATHY LANIER, Chief, Metropolitan Police Department, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

On November 7, 2008, the Court stayed this case pending a criminal investigation by the United States Attorney's Office for the District of Columbia into the events giving rise to this civil action. On March 20, 2009, Defendants filed a notice with the Court advising that the United States Attorney's Office has completed its criminal investigation and has declined to bring criminal charges against the Defendant police officers. *See* Dkt. # 29. Accordingly, the Court will lift the stay and rule on the motions that were pending prior to the stay.

Before the Court is a partial Motion to Dismiss filed by the District of Columbia and Metropolitan Police Department ("MPD") Chief Cathy Lanier (collectively, "Defendants"). *See* Dkt. # 17. Defendants contend that Plaintiff's constitutional claims against the District fail to state a claim for municipal liability under 42 U.S.C. § 1983 and therefore must be dismissed. In addition, Defendants move to dismiss Chief Lanier because she is sued only in her official capacity. For the reasons that follow, the motion will be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.  FACTS

The facts are taken from Plaintiff's Amended Complaint. *See* Dkt. # 14. On December 1, 2006, MPD officers stopped Plaintiff Bryan G. Hawkins in his vehicle in the vicinity of 21st Street and Benning Road, Northeast, in the District of Columbia. Am. Compl. ¶¶ 10-11. Plaintiff alleges that he was violently removed from his vehicle and searched for drugs, but none was found. *Id.* ¶¶ 12-13. The officers continued to detain him even though no drugs were found and then performed a body cavity search "at a busy public intersection while several dozen people, including men, women and children looked on." *Id.* ¶ 15. "When the named MPD police officers pulled down Mr. Hawkins' clothing [to perform the body cavity search], they fully and completely exposed his genitals to the entire public that was witnessing the event." *Id.* ¶ 16. The body cavity search did not yield any drugs or other contraband. *Id.* ¶ 17. Nevertheless, Mr. Hawkins was charged with distribution of cocaine and held without bond. *Id.* ¶ 19. On March 5, 2007, he was released from custody after being acquitted at trial in D.C. Superior Court. *Id.* ¶ 20.

Plaintiff initiated this matter in Superior Court but on February 22, 2008, the case was removed to this Court. Defendants moved to dismiss the Complaint on March 13, 2008. Plaintiff then filed an Amended Complaint on June 3, 2008. The Amended Complaint names the District of Columbia, Chief Lanier, and MPD Officers Franklin Bauserman, Joseph Chaplin, Christopher Suter, and K. Cappello as Defendants, and asserts claims of assault and battery (Count I), violation of 42 U.S.C. § 1983 (Count II), intentional infliction of emotional distress (Count III), and negligent training, supervision, and retention (Count IV). Thereafter, on June 17, 2008, Defendants filed their partial motion to dismiss the Amended Complaint. Now that the criminal investigation into this matter has ended, that motion is ripe for decision.

## II.  LEGAL STANDARDS

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim.  A sufficient complaint "contains a short and plain statement of the claim showing that the pleader is entitled to relief" enough "to give a defendant fair notice of the claims against him."  *Ciralsky v. CIA*, 355 F.3d 661, 668-70 (D.C. Cir. 2004) (quoting Fed. R. Civ. P. 8(a)).  Although a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

The court must treat the complaint's factual allegations — including mixed questions of law and fact — as true, drawing all reasonable inferences in the plaintiff's favor.  *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003); *see also Aktieselskabet Af 21. Nov. 2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 15 (D.C. Cir. 2008) (under Rule 12(b)(6), "a court construes the complaint liberally in the plaintiff's favor, accepting as true all of the factual allegations contained in the complaint") (citations omitted).  Even so, the facts alleged "must be enough to raise a right to relief above the speculative level," *Twombly*, 127 S. Ct. at 1965, and the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations.  *Aktieselskabet*, 525 F.3d at 17 n.4; *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  "A complaint needs *some* information about the circumstances giving rise to the claims."  *Aktieselskabet*, 525 F.3d at 17 n.4.

## III.   ANALYSIS

### A.   Chief Lanier's Motion to Dismiss

"It is well-settled that '[a] suit against a municipal official in his official capacity is treated as a suit against the municipality itself.'" *Lucas v. District of Columbia*, 505 F. Supp. 2d 122, 126 (D.D.C. 2007) (citations omitted) (alteration in original).  Any claims against Chief Lanier in her official capacity "proceed against the District of Columbia." *Robinson v. District of Columbia*, No. 03-1455, 2005 WL 491467, at *3 (D.D.C. Mar. 2, 2005).

As Mr. Hawkins himself asserts, he is suing Chief Lanier "in her official capacity only." Am. Compl. ¶ 2; *see also* Pl.'s Opp'n to Defs.' Mot. to Dismiss [Dkt. # 20] at 5 ("Police Chief Cathy Lanier is sued in her official capacity only.").  Accordingly, Chief Lanier will be dismissed as a defendant in this case.

### B.   The District of Columbia's Motion to Dismiss Constitutional Claims

Mr. Hawkins alleges that the District violated his Fourth and Fifth Amendment rights under the U.S. Constitution and 42 U.S.C. § 1983.  *See* Am. Compl. ¶ 29.  Pursuant to 42 U.S.C. § 1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The District of Columbia is considered a "person" for purposes of § 1983.  *See, e.g., Best v. District of Columbia*, 743 F. Supp. 44, 46 (D.D.C. 1990).  "In order to hold a municipality liable for civil rights violations of its employees under 42 U.S.C. § 1983, the

municipality must have acted in accordance with a 'government policy or custom, whether made by its lawmakers or those whose edicts or acts may fairly be said to represent official policy.'" *Sanders v. District of Columbia*, 522 F. Supp. 2d 83, 88 (D.D.C. 2007) (quoting *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)). It is the plaintiff's "burden to establish that a municipality has a custom or practice abridging [his] constitutional or statutory rights." *B.R. v. District of Columbia*, 524 F. Supp. 2d 35, 40 (D.D.C. 2007) (citing *Monell*, 436 U.S. at 694); *see also Feirson v. District of Columbia*, 506 F.3d 1063, 1066 (D.C. Cir. 2007) ("To impose liability on the District under 42 U.S.C. § 1983, [plaintiff] must show not only a violation of his rights under the Constitution or federal law, but also that the [District's] custom or policy caused the violation.") (internal quotation marks and citation omitted). "At the very least there must be an affirmative link between the policy and the particular constitutional violation alleged." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 818 (1985). "*Respondeat superior* or vicarious liability will not attach under § 1983, and therefore, a municipality cannot be held liable *solely* because it employs a tortfeasor." *Burnett v. Sharma*, 511 F. Supp. 2d 136, 141 (D.D.C. 2007) (internal quotation marks and citations omitted).

> Mr. Hawkins claims his constitutional rights were violated because:
>
> At no time during the relevant events on December 1, 2006 did any MPD officer present have any information or reason to believe that [Plaintiff] had secreted any illegal drugs or contraband in any body cavity, but even if they did have reason to think he had, such body cavity searches, conducted in public places without benefit of a search warrant are per se violations of the protections guaranteed under the Fourth Amendment of the United States Constitution.
>
> The conduct of the above-named MPD officers . . . directly and proximately subjected [Plaintiff] to the deprivation of rights guaranteed by the United States Constitution and 42 U.S.C. Section 1983 in the following ways:

> a.) The use of excessive force as demonstrated by the police officers clearly deprived [Plaintiff] of his right to due process of law, in violation of the Fifth Amendment;
>
> b.) The actions of the police officers [*sic*] full body cavity search of his person in a public place without probable cause or a valid warrant, deprived [Plaintiff] of his right to be secure in his person as against unreasonable searches and seizures, in violation of the Fourth Amendment;
>
> c.) The actions of the police officers led to the deprivation of [Plaintiff's] liberty and false imprisonment in violation of the Fifth Amendment.

Am. Compl. ¶¶ 28-29.

Even when all reasonable inferences are made in favor of Mr. Hawkins, his constitutional claims against the District of Columbia fail because he does not allege that a municipal policy or custom caused the alleged constitutional violations. A complaint that does not allege such a policy or custom fails to allege a necessary element of liability under § 1983, and that claim must be dismissed. *See Dant v. District of Columbia*, 829 F.2d 69, 76 (D.C. Cir. 1987). In *Dant*, the plaintiff alleged that he was unlawfully detained by the District of Columbia police for several hours. *Id*. at 71. In his complaint against the District, the plaintiff alleged that the District, by its "malicious prosecution and abuse of lawfully issued process," had "violated plaintiff's rights under the Fifth and Fourteenth Amendments . . . and 42 U.S.C. § 1983." *Id*. at 77. The court dismissed the complaint against the District, explaining:

> The complaint nowhere alleges, however, that Dant was subject to malicious prosecution and abuse of process pursuant to an established [District] policy or practice. The complaint thus fails to allege a necessary element of a section 1983 violation, namely, that there be a deprivation of rights "under color of any statute, ordinance, regulation, custom, or usage of any State."

*Id*. (citing *Monell*, 346 U.S. at 691); *see also Burnett*, 511 F. Supp. 2d at 142 ("The amended pleading does not allege that an official District of Columbia policy or custom caused plaintiff to suffer the deprivation of a constitutional or federal statutory right, and this pleading defect is fatal.").

Plaintiff argues that he has stated a claim for municipal liability by alleging "inadequacy of police training." Pl.'s Opp'n at 8 (citing *City of Canton v. Harris*, 489 U.S. 378 (1989)). However, as the Supreme Court in *Harris* explained, "[o]nly where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality—a 'policy' as defined by our prior cases—can a city be liable for such failure under § 1983." 489 U.S. at 389. At most, the Amended Complaint alleges that the named MPD officers were inadequately trained and supervised. *See* Am. Compl. ¶¶ 31, 37, 41. It does not allege that "such inadequate training . . . represent[s] 'city policy.'" *Harris*, 489 U.S. at 390. In other words, even drawing all inferences in Plaintiff's favor, it cannot be fairly said that "the failure to provide proper training" to the named MPD officers "represent[s] a policy for which the city is responsible, and for which the city may be held liable if it actually causes injury." *Id.*; *see also Dorman v. District of Columbia*, 888 F.2d 159, 165 (D.C. Cir. 1989) (municipality not liable as a matter of law for inadequacy of police training where "there is no evidence of a *conscious choice* or a *policy* of deliberate indifference") (emphasis in original).

### IV.  CONCLUSION

For the reasons stated above, Defendants' Partial Motion to Dismiss Plaintiff's Amended Complaint [Dkt. # 17] will be granted. A memorializing Order accompanies this Memorandum Opinion.

Date: April 1, 2009                                   /s/
                                   ROSEMARY M. COLLYER
                                   United States District Judge